THE STATE *versus* BENJAMIN D. RICKER.

The Revised Statutes, c. 167, § 4, in providing that an accessory before the fact " may be indicted and convicted of a *substantive felony*, whether the principal felon shall or shall not have been convicted, or shall or shall not be amenable to justice," are not to be understood as abrogating the distinction between principal and accessory, but clearly preserve the difference between the two.

A " substantive felony" is that which depends on itself, and is not dependent on another felony which can only be established by the conviction of the one who committed it.

Under this provision of the statute, the accessory may be indicted and convicted without reference to the conviction of the principal, either in the indictment or on the trial, although the guilt of the principal must be shown in evidence. But in the indictment, the crime of the accessory is to be alleged in the same manner as if he alone had been concerned, followed by the averment of the acts done by him which make him an accessory before the fact.

THIS was an indictment against Benjamin D. Ricker in two counts. The first count charged, that said Ricker did counsel, hire and procure one John Staples, a minor, to set fire to and burn the barn of one Isaac Barker in Hermon, in said county, and that afterwards, on the same day, the said John Staples set fire to said barn, and it was burned ; and that said Ricker, before the burning of said barn by said Staples, was accessory thereto, by hireing, counseling and procuring the felony aforesaid to be done, &c. The second count alleged, that said Ricker, at the same time and place, did set fire to and burn the same barn, &c.

At the trial of the respondent, John Staples was a witness for the prosecution, and had not been convicted or indicted. WELLS J. instructed the jury, that if they were satisfied by the evidence, that the barn was burned by the act of John Staples, and that he did it by the procurement of the respondent ; or if they were satisfied that the respondent wilfully and maliciously set fire to it himself, and it was thereby burned, they might find the respondent guilty under the second count, the jury all agreeing upon one or the other mode of burning alleged in the indictment.

State v. Ricker.

The jury found the respondent guilty on the second count, finding the facts alleged in the first count to be proved.

The respondent excepted to the instructions above stated.

*Rowe*, for the respondent, argued that the indictment destroys the difference between accessory and principal, and allows the jury to find the accessory guilty on evidence only showing the principal guilty. The instructions of the Judge are liable to the same objections. The finding of the fact of the burning is not enough. He who is present at the burning, aiding and assisting, is a principal, and can be convicted only on proof of knowledge prior to the fact. Rev. St. c. 167, § 3 and 4; 4 Black. 36; 1 Chitty Cr. Law, 261.

The respondent, if connected with the burning at all, must be an accessory either before or after the fact. The principal not having been convicted, the indictment is wrong because it does not charge the respondent with a substantive felony, under the statute, but at common law as principal or accessory. He cannot be convicted as principal, for he was not there; nor as accessory, for the principal has not been convicted. By the statute, a new offence is created, of counseling and procuring the crime to be committed. He has not been indicted for this new offence, which is different from both the others. The meaning of the statute is not that one in such circumstances may be convicted as a principal. The special verdict, that the respondent is guilty under the second count, by finding the facts alleged in the first, is an absurdity. Each count is a substantive charge, and under it, the jury must find all the facts stated in that count. The verdict is the same as finding that he had hired Staples, and after he had hired him had burned the building himself. 1 Chitty's Crim. Law, 644.

*Blake*, Attorney General, for the prosecution. The indictment depends on the construction of the statute. The new provision affects only the accessory; it is a mere definition of an accessory. The accused may be convicted in either mode. If indicted as principal, he may be convicted on proof of his being an accessory.

TENNEY J. — The first count in the indictment, charges the defendant with the offence of procuring one John Staples to burn a barn described, which was burnt by the said Staples accordingly. The second count is against the defendant for burning the barn as principal. Staples had not been convicted or indicted, and was a witness for the prosecution. The jury were instructed, that if they were satisfied, that the barn was burnt by the act of John Staples, and Staples fired it by the procurement of the defendant, they might find the defendant guilty under the second count.

An accessory before the fact, is he, that being absent at the time of the actual perpetration of the felony, procures, counsels and commands, incites or abets another to commit it. If the person be present, aiding and abetting, he cannot be indicted as an accessory. 1 Chit. Crim. Law, 262.

By the common law an accessory could not be tried before the principal, without his own consent; and as the crime of the former depended upon the guilt of the latter, and an accessory must have been convicted of a felony of the same species as the principal, it was both usual and proper to include them in the same indictment. And if they pleaded the general issue or the same plea, both could have been tried together; but the principal must have been first convicted, and the jury would have been charged, if they found the former not guilty, the latter must be acquitted. But when the indictment of the principal and the accessory before the fact was joint, they might have been tried separately. *Commonwealth* v. *Knapp*, 10 Pick. 477. They might be indicted separately, but in such case the trial of the accessory could not take place till the conviction of the principal. 1 Chit. Crim. Law, 272. In *Commonwealth* v. *Phillips*, 16 Mass. R. 123, the Court say, "By the common law an accessory cannot be put upon trial, but by his own consent, until the conviction of the principal. The reason of this is very plain. If there is no principal, there is no accessory, and the law presumes no one guilty, until conviction. Statutes have made a difference, in some lesser species of offences." In an indictment against the accessory

alone, after the conviction of the principal, it was not necessary to aver, that the principal committed the felony, or on trial, to enter into detail of the evidence against him. But it was sufficient to recite with certainty, the record of the conviction. The verdict is to be taken as *prima facie* evidence of the guilt of the principal. It may be rebutted by showing a want of guilt in him, he having the burden of proof. 1 Chit. Crim. Law, 273. *Commonwealth* v. *Knapp,* 10 Pick. 484. 7 Term Rep. 465.

The Revised Statutes, chap. 167, sect. 4, provide, that every person, who shall counsel, hire or otherwise procure a felony to be committed, which shall be committed in consequence thereof, may be indicted and convicted as an accessory before the fact, either with the principal felon or after his conviction; or he may be indicted and convicted of a substantive felony, whether the principal felon shall or shall not have been convicted, or shall or shall not be amenable to justice; and shall in the last mentioned case be punished in the same manner, as if convicted of being an accessory before the fact. By the preceding section of the same chapter, the accessory before the fact, shall be punished in the same manner, which is or shall be prescribed for the punishment of the principal felon.

By the modification of the common law, in these provisions, more effectual modes for the prosecution and punishment of accessories to felonies before the fact, was intended. The change has the tendency to prevent the delays attending the trial and the escape of accessories, arising from the failure to bring the principals to trial. The history of legislation upon this subject, conclusively shows that such was the purpose. These provisions in the Revised Statutes are the same as those of the statute of 1831, chap. 504, sect. 1. The statute of Massachusetts of 1830, chap. 49, sect. 1, and the Revised Statutes of that Commonwealth of 1836, chap. 133, sect. 2, are identical with those of this State; and all are in the same terms as those of the statute of England, 7 Geo. 4, chap. 64, sect. 9, which section commences with the words, "and for the more effectual prosecution of accessories before the fact to felony, be it enacted," &c.

The statute provides three modes in which accessories before the fact to felonies may be brought to trial. It is insisted in behalf of the prosecution, that by the last mode it was intended that such accessory could be indicted as a principal in all respects, in the manner and form, that he would be indicted, if he did the act, which at common law would constitute him a principal. It is obvious, that upon such a construction, the distinction between the principal and accessory before the fact may be entirely disregarded. Was this the design of the Legislature? We cannot believe that it was.

In the former part of the section, the crimes of the principal and the accessory are presented as being distinct. Nothing indicates an intention, that they should not remain so. If "substantive felony" afterwards mentioned, was designed as synonymous with principal felony, there would have been a definite reference to it, as its antecedent in the same section. But the offence, for which an accessory before the fact may be indicted and convicted, is a substantive felony, a form of expression, which is general, and not meant to refer to either of the offences before named. If the term "principal felony" had been used, as it well might be, on the construction contended for by the attorney for the government, the indefinite form could not be proper.

If it was designed, that "substantive felony" was that of the principal, the terms might be changed without any alteration of the meaning, and the procurer would be a principal, and would be regarded by the statute as such. By the substitution supposed, the provision would be, that the procurer might be indicted and convicted, a principal, whether the principal had or had not been convicted. This would be a confusion of language, and of ideas, not contemplated.

If it was intended, that accessories before the fact could be treated as principals, no additional mode for the indictment, conviction and punishment of such offenders was required. The simple provision, that they might be so indicted and convicted was all that was necessary to secure such a purpose.

Accessories before the fact are to be punished in the same

manner as are the principals.   If such accessories may be indicted principals, the punishment was fully provided, to meet all the forms of indictment, and nothing farther was required, under a conviction upon an indictment, in the third mode. But if "a substantive felony" is designed as a mode of indictment, distinct from that, which is of the principal, and of the accessory after the conviction of the former, no punishment is provided by the third section for such offence.   With a view to prescribe a punishment for the one convicted of the new offence, by the fourth section, a punishment is provided for the "substantive felony."   A provision for the punishment of the last offence would not have been easy, if it was intended to be different from that to be inflicted upon the principal, who was such at common law.   But as the punishment is, and is to continue to be the same, it was an useless repetition, on the construction contended for in behalf of the government.

The language of the statute, in the third mode prescribed for the indictment and conviction of the accessory before the fact, shows that it was the meaning of the Legislature, that the two offences should still continue distinct.   The accessory can be indicted and convicted of "a substantive felony," whether the principal has or has not been convicted; clearly preserving the difference between the two, when the punishment of the latter shall be sought by this form of indictment.

An accurate definition of the word "substantive" is "depending upon itself."—Webster's Dictionary.   A substantive felony, is that which depends upon itself, and is not dependent upon another felony, which is established by the conviction of the one, who committed it, alone.   By the common law principle every one is presumed innocent, till proved guilty under proper process.   On the trial of an accessory, before the statute, the one named as principal was presumed innocent, till he was convicted; consequently the accessory was in no peril, till this presumption applicable to the one named as principal in the indictment should be removed by proper process.

It is in no case necessary that the word *accessory* should be used in the indictment.   1 Chit. Crim. Law, 273.   Hence it

may be said, that the indictment for " a substantive felony," is identical with that for the offence of an accessory, before the fact, at common law. By the statute provision it was manifestly designed to be otherwise. By the first mode, the indictment and all subsequent proceedings are to be precisely the same, as when the principal and accessory are charged in the same indictment at common law. The second mode is more restricted than when the indictment was against the accessory alone, before the statute. Although at common law, the accessory before the fact, when indicted without the principal, could not be *tried* till after the conviction of the principal, yet he could be *indicted* before, even if the principal was unknown, as well as after his conviction. 1 Russ. on Crimes, 38. Under the statute, if indicted in the second mode, it is after the conviction of the principal only. We have seen, if the indictment is against the accessory after the conviction of the principal, at common law, it is proper, if not necessary to allege the conviction of the latter ; and the record of conviction is *prima facie* evidence of his guilt. Under the statute, the same allegation would be proper, and would be uniformly made, inasmuch as it would be attended with material advantages for the prosecution, as the burden would be thrown upon the accused to show that the conviction of the principal was unauthorized in fact.

By the last form of indictment, the accessory may be indicted and convicted, without reference to the conviction of the principal, either in the indictment or on the trial. The guilt of the latter will be alleged in the same manner, as if he alone had been concerned, followed by the averment of the acts done by the procurer, which constitute him an accessory, before the fact. The guilt of the principal is a necessary fact to be shown on the trial, in order to obtain a conviction of the accessory, but the record of a conviction is not required ; other competent proof is sufficient.

*Exceptions sustained.*