## Case No. 15,318.

UNITED STATES v. HARTWELL et al.

[3 Cliff. 221;[1] 12 Int. Rev. Rec. 72.]

Circuit Court, D. Massachusetts. May Term, 1869.

CRIMINAL LAW—LOANING PUBLIC MONEYS—PRINCIPAL AND ACCESSARY—CONFESSIONS AND ADMISSIONS—PLEA OF NOLO CONTENDERE.

1. An officer of the United States charged with the safe-keeping of public moneys was indicted as principal defendant under the act of August 6, 1846 [9 Stat. 63], for loaning such money so intrusted to him to certain persons indicted jointly with him. Before the jury were empanelled he pleaded nolo contendere. Certain confessions of his that he had loaned the public money were offered in evidence. Held, they were properly admitted to show that he had unlawfully loaned a portion of the public money, but not to prove that the other defendants ever advised or participated in the criminal acts. The other defendants were charged with advising and participating in the felonious acts, but neither the declarations nor acts of the principal defendant could be admitted to prove anything against them.

2. The defendants before the court, after the principal defendant's plea, were held to be principals and not accessaries.

3. Misdemeanors do not admit of accessaries either before or after the fact, and the general rule is, that whatsoever will make a party an accessary before fact in felony will make him a principal in misdemeanor if properly charged as such.

[Cited in U. S. v. Carroll, 32 Fed. 776.]

4. The offence charged in this case was a misdemeanor, but it would make no difference if it were held to be a felony, as the defendants before the court were confederates of the prin-

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

cipal defendant in the commission of the crime. He loaned them the public moneys, and they borrowed them knowing him to be an officer of the United States charged with the custody of the moneys.

5. Acts, conduct, and declarations of each confederate made during the pendency of a criminal enterprise are competent evidence against all concerned in it; but confessions subsequent to the crime can affect as evidence only a party by whom they were made.

6. When the accessary is tried with the principal, the confessions of the principal are admissible to prove his own guilt, and where the principal confesses by pleading guilty and retiring from the bar under his recognizance, the record of the conviction of the principal was properly introduced, and was prima facie evidence of his guilt at the trial of the other defendants, and his confessions to show that he was rightfully convicted.

7. Evidence of his confessions to prove the guilt of the principal cannot be admitted under an indictment against the accessary, unless the guilt or antecedent conviction of the principal is alleged in the indictment.

8. Conviction may accrue either by confession and pleading guilty, or by being found guilty.

9. Where the guilt of the principal was admitted at the trial of the accessaries, even if the confessions of the principal were improperly admitted, still a motion for new trial ought not to prevail because the record of the conviction of the principal was properly introduced and was prima facie evidence of his guilt at the trial of the other defendants.

10. The legal effect of the plea of "nolo contendere" and "guilty" is the same as regards all the proceedings on the indictment.

11. If the defendants in this indictment had been charged as accessaries to the offence alleged against the principal, still the confessions of the principal were properly admitted to prove that he committed the offence.

Officers and other persons charged with the safe-keeping, transfer, and disbursement of the public moneys are required, by the act of the 6th of August, 1846, to keep an accurate entry of each sum received, and of each payment or transfer, and the sixteenth section of the act also provides that if any one of the said officers shall loan any portion of the public moneys intrusted to him for safe-keeping, disbursement, or transfer. every such act shall be deemed and adjudged to be an embezzlement of so much of the said moneys as shall be thus loaned, which is therein declared to be a felony; and the same section further provides that all persons advising or participating in such act being convicted thereof before any court of the United States of competent jurisdiction shall be punished as therein provided. 9 Stat. 63. Founded on that provision the indictment in this case contained nine counts, charging in substance and effect that the first-named defendant [Julius F. Hartwell], at the times therein mentioned, was an officer in the office of the assistant treasurer at Boston, in the commonwealth of Massachusetts, and that he, as such officer, then and there loaned large sums of the public moneys deposited in that office to the firm of Mellen, Ward & Co. and that [Charles] Mellen and [Charles H.] Ward, the other two defendants named in the indictment, then and there advised and participated in those several unlawful and criminal acts of loaning such portions of the public moneys so intrusted to that officer for safe-keeping, disbursement, and transfer. Subsequent to the filing of the indictment, the defendants were arraigned and severally pleaded not guilty, but, when they were set at the bar for trial on a later day in the same term. the principal defendant, Hartwell, retracted his plea of not guilty, and pleaded nolo contendere, which was accepted by the district attorney, and, it appearing that his recognizance was satisfactory, he was allowed to retire from the bar and the jury were empanelled for the trial of the other defendants. Evidence was introduced by the district attorney, showing that the public moneys of the United States, intrusted to the assistant treasurer at Boston. in this commonwealth, were kept in the vault of the depository designated for that purpose; that the room so designated and used was about ten feet square, and was divided into two apartments separated by a passageway with partitions on each side of the passage. Gold was kept in the apartment on the right-hand side of the passage in boxes, some of which contained five thousand dollars. and others only one thousand dollars. and there were also considerable quantities of silver coins and currency kept in that apartment of the vault. Six or seven millions of gold coin, sealed up in bags, were also kept in the other apartment on the other side of the passage-way, and there was a door from the passage-way into each of those apartments. Hartwell was paying teller in that office, and as such had access to both apartments of the depository. The tendency of the testimony was to show that the amount of the public moneys kept there during the period laid in the indictment was seldom or never less than twelve millions of dollars at any one time. The substantial charge of the indictment is, that the principal defendant loaned large sums of the public moneys intrusted to him for safe-keeping, transfer. and disbursement, and that the other two defendants, together with one Edward Carter, who did not appear, advised and participated in that unlawful act. The docket entries show that the principal defendant pleaded nolo contendere before the jury were empanelled, and those entries were introduced in evidence during the trial. The principal witness for the government was the chief clerk in the office of the assistant treasurer. who was called and examined by the district attorney. He testified, among other things, that Hartwell, in the afternoon of the 28th of February, 1867. stated to the witness that he wished to have some conversation with him, and that they went into the righthand apartment of the vault for that purpose, and while there he told the witness that he had

been loaning the public moneys to Mellen, Ward, & Co., as charged in the indictment. Seasonable objection was made by the defendants on trial to the introduction of that testimony, upon the ground that it was hearsay and inadmissible as against them for any purpose. They conceded that the testimony would be admissible if Hartwell was on trial, to prove his guilt as against himself; but they denied that the evidence could be properly admitted, even if the principal were on trial, to prove his guilt as against the defendants charged as having advised and participated in the criminal acts alleged against the principal defendant. But the court ruled that such evidence, if all the defendants were on trial at the same time, would be admissible to prove the guilt of the principal, both as against himself and as against the other defendants, and that the same rule must prevail as to the admissibility of the evidence where those charged with having advised and participated in the criminal acts of the principal are separately tried in consequence of the previous conviction of the principal, or because he had pleaded guilty or nolo contendere, as in this case. Repeated confessions of the principal under that ruling were admitted in evidence to the effect that he had loaned the public moneys intrusted to him for safe-keeping, transfer, and disbursement, as alleged in the indictment, but the court ruled at the same time, and subsequently instructed the jury to the same effect, that none of the confessions, admissions, or statements of the principal defendant were admissible to prove that the defendants on trial ever advised or participated in those criminal acts. Detailed statements of the confessions of the principal were given by several witnesses subject to the same objection, which were overruled by the court upon the same ground, and they were admitted in evidence for the same special purpose. Much other evidence was introduced, and the jury under the court's instructions returned a verdict of guilty against both defendants. Exceptions were duly taken to the rulings and instructions, and the case came before the court upon a motion for new trial.

G. S. Hillard, U. S. Dist. Atty.

Benjamin F. Thomas, G. C. Shattuck, and H. W. Paine, for defendants.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. The grounds of the motion are as follows: (1) Because the confessions of the principal defendant were improperly admitted to prove that he unlawfully loaned certain portions of the public moneys as alleged in the indictment. (2) Because the verdict was not warranted by the law and the evidence in the case. Before proceeding to consider the exceptions to the rulings and the instructions of the court, it

becomes necessary to examine the charge as laid in the indictment, and to ascertain its precise character as defined in the act of congress. Briefly stated, the offence charged against the principal defendant is, that he unlawfully and feloniously loaned certain portions of the public moneys intrusted to him for safe-keeping, transfer, and disbursement, to the other three defendants therein named, but the charge against the other defendants is, that they then and there advised and participated in that unlawful and felonious act. Neither the acts nor the declarations of the principal were admitted in evidence to prove anything which was charged against the other defendants. They were charged with having advised and participated in the unlawful and felonious act committed by the principal, but the court expressly ruled that neither the acts, conduct, nor declarations of the principal were admissible to prove anything charged against them in the indictment. The express ruling of the court was that the confessions of the principal defendant were admissible to prove his own criminal act as laid in the indictment, but that they were not admissible to prove anything charged against the other defendants, and the limitation contained in the ruling of the court was also embodied in the instructions given to the jury. Loaning the public moneys was the charge against the principal, and the court admitted his confessions to prove that charge, but ruled that neither the acts nor the confessions of the principal were admissible to prove the charge as laid in the indictment against the defendants on trial. None of these suggestions are controverted, but the theory of the defendants is, that the allegations of the indictment create the technical relation of principal and accessary, as between the party alleged to have loaned the public moneys, and the defendants who are charged with having advised and participated in that unlawful and felonious act as defined in the act of congress. Theories are often assumed because they are plausible, when, upon a closer examination, it appears that in point of fact they have no foundation whatever. The present theory as assumed in argument by the defendants probably has its foundation in the analogy between the word "advising" as used in the act of congress on which the indictment is founded, and the word "counselling" as usually employed in defining the meaning of an accessary to a felony before the fact as understood at common law. But there are at least two difficulties in the way of that theory as applied to this case which cannot be overcome: (1) The statute offence of loaning the public moneys was not a felony at common law, and the offence charged against the defendants of having advised and participated in that act is not declared to be a felony by the act of congress. (2) The second difficulty in the way of the theory is, that, by the true construction of the provision defining the of-

fence, the defendants before the court are principals and not merely accessaries, as supposed in the proposition. Aiders and abettors were formerly defined to be accessaries at the fact, and the rule was, that they could not be tried until the principal had been convicted or outlawed; but it has been long settled that all those who are present, aiding and abetting, when a felony is committed, are principals either in the first or second degree, and if in the second degree, that they may be arraigned and tried before the principal in the first degree, and that they may be convicted even though the party charged as principal in the first degree is acquitted. Fost. Crown Law, 347; Rosc. Cr. Ev. 214; Taylor's Case, 1 Leach, 360; Rex v. Towle, Russ. & R. 314; Reg. v. Perkins, 2 Denison, Crown Cas. 458. An accessary, says Blackstone, is he who is not the chief actor in the offence nor present at the time, but is in some way concerned therein, either before or after the fact committed. 4 Bl. Comm. 34. Accessaries before the fact are those who, being absent at the time the crime is committed, yet procure, counsel, or command another to commit it. 1 Hale, P. C. 615. The absence of the party also is necessarily implied in the definition of an accessary after the fact, who is defined to be one who, knowing a felony to have been committed, receives, relieves, comforts, or assists the felon. 4 Bl. Comm. 37; 1 Hale, P. C. 618. Persons participating in the commission of a crime are as much principals if they are present, aiding and abetting it, as those who are the immediate perpetrators of the act, differing only in degree. Nor is actual presence necessary if it appears that all were engaged in the common design, as when one commits the offence and another keeps watch to prevent surprise or to give warning or to afford relief. Misdemeanors do not admit of accessaries either before or after the fact, but the general rule is that whatsoever will make a party an accessary before fact in felony will make him a principal in misdemeanor if he is properly charged as such in the indictment. State v. Lymburn, 1 Brev. 397.

The better opinion is that the offence charged against the defendants before the court is a misdemeanor, but it would make no difference if it were held to be a felony, as the charge laid in the indictment implies and the evidence introduced at the trial shows, that they were confederates of the principal defendant in the commission of the offence with which he was charged. He loaned the public moneys to them, or to their firm, and they borrowed or received the same from him, knowing that he was an officer of the United States, intrusted with the safe-keeping, transfer, and disbursement of such public moneys.

Co-operation between the principal and the other defendants is necessarily implied in the charge as laid in the indictment, and all the testimony introduced to prove that the firm of Mellen, Ward, & Co. received the moneys loaned by the principal, tended to show that the relation which they sustained to him was that of confederates in that unlawful and felonious act, and it is no answer to this view of the case to say that the confessions were admitted in evidence before that testimony was introduced, as that merely presents a question as to the order of proof which cannot be regarded as the proper foundation for a new trial. Acts, conduct, and declarations of each confederate made and done during the pendency of such a criminal enterprise are competent evidence against all engaged in it, as each is supposed to approve and sanction all that was done or said in furtherance of the common object. 1 Greenl. Ev. §§ 111, 233; U. S. v. Gooding, 12 Wheat. [25 U. S.] 469; Fur Co. v. U. S., 2 Pet. [27 U. S.] 365. Such acts, conduct, and declarations are held to be admissible as part of the res gestæ, but subsequent narrations, confessions, or admissions stand upon a different principle, as the presumption is that they were not made in pursuance of a common design, and consequently they cannot be admitted as evidence to affect any one except the party by whom they were made. Viewed in the light of these suggestions, it is quite clear that the rulings of the court were as favorable to the defendants as they had any right to expect, as the confessions of the principal defendant were admitted for no other purpose than as evidence to prove that he loaned the public moneys as alleged in the indictment. But the defendants before the court insist that they were not indicted as principals but as accessaries to the unlawful and felonious acts committed by the principal defendant, and that, inasmuch as he pleaded nolo contendere and was allowed to retire from the bar, his confessions that he had loaned the public moneys as alleged in the indictment were not admissible in evidence even to prove his own guilt in the issue between them and the United States. Although we are not able to concur in that construction of the indictment, still we are quite willing to examine the exceptions and test the accuracy of the rulings as applied to the case in that point of view, as it is the one which was taken of it by both parties at the trial. Suppose it to be true, as contended by the present defendants, that they are charged in the indictment as accessaries to the offence alleged against the principal defendant, the question then is, Were the confessions in question properly admitted in evidence to prove that he committed that offence? Argument for the defendants is, that those confessions were mere hearsay in the issue between them and the United States, but the district attorney contends that the rules of law required that the trial should be conducted after the principal defendant retired from the bar, just as it would have been if he had not retracted his plea of not guilty,

and the three defendants then before the court had been tried together. Had the principal and the two accessaries then before the court been tried together, no doubt is entertained by the court that the confessions of the principal defendant would have been admissible to prove the charge against him as laid in the indictment.

Where the indictment includes the principal and the accessary, and they are tried together, the regular course for the prosecuting officer is to introduce all his substantive testimony against all the several parties on trial before they are required to state their defence, as in other cases where more than one defendant is on trial at the same time. Perfect protection is afforded to all concerned, in that state of the case, as well to the principal and accessary as to the government by the instructions of the court to the jury. They are instructed to consider the case of the principal defendant in the first place, and if they find him not guilty, that it is their duty also to acquit the accessary, but that if they find the principal defendant guilty, they must then proceed to examine the charge against the accessary, and determine from the evidence whether the charge against him is also sustained. 2 Hale, P. C. 222. The theory of the defendants is, that the question as to the guilt of the principal in the case supposed is presented in two separate issues; that the first issue is between the principal and the United States, and that the second is between the United States and the accessary; and the argument is, that the jury in the latter issue cannot weigh the confessions of the principal defendant even as to his own guilt. Obvious error lies at the foundation of that theory, as it overlooks the fact that the charge against the accessary is in a certain sense ancillary to the offence committed by the principal. Take a case, for example, where it appears that the felony charged had never been committed; it could not be said within the meaning of the criminal law that one charged as an accessary before the fact procured, counselled, or commanded another to commit that felony, nor could it correctly be said that a person knew that a felony had been committed by another when nothing of the kind had occurred, nor that such person had received, relieved, comforted, or assisted the felon, as the charge is in the indictment against an accessary after the fact. Unaffected by statutory regulations, the offence of the accessary is not, as contended by the defendants, altogether distinct from that of the principal. Accessaries before the statute 1 Anne, c. 9, § 2, could never be tried without their own consent before the conviction or outlawry of the principal, unless they were tried together. 1 Chit. Cr. Law, 266. By that statute, however, it was enacted that whoever shall buy or receive stolen goods may be prosecuted for a misdemeanor, and punished by fine and imprisonment,

though the principal felon be not convicted. Unaided by statute they may be indicted separately, but the accessary as a general rule cannot be tried until the principal has been convicted, or they may be jointly indicted, in which case they may be tried separately or at the same time, but if tried separately the trial of the principal is required to precede that of the accessary, as the latter cannot be tried until the principal has been convicted.

These remarks are sufficient to show that the offence of the accessary, as understood at common law, is not distinct from that of the principal, although the offence of the latter and every element of which it is composed are res inter alios acta, as applied to the accessary. Whenever the accessary is indicted before the principal has been convicted, it is necessary that the indictment against him, whether they are indicted separately or jointly, should allege the guilt of the principal, as the offence of the accessary, even when charged as such before the fact, depends upon the principal's guilt, and is never to be regarded as complete unless the principal offence was actually committed. After the conviction of the principal it is not necessary in an indictment against the accessary to aver that the principal committed the felony, but it is sufficient to recite with certainty the record of the conviction, because the court will presume that everything in the former trial was rightly and properly transacted. 1 Chit. Cr. Law, 272, 273; Foster, Crown Law, 365; Holmes v. Walsh, 7 Term R. 458.

The settled rule at common law was that the accessary could not be convicted until the guilt of the principal offender was established so that the principal must be first convicted or they must be indicted and tried together, and it is beyond all reasonable controversy that when they were tried together under the same indictment the voluntary confessions of the principal were competent evidence to prove his guilt. Deliberate confessions of guilt are among the most effectual proofs in the law, and that rule is as applicable to the party who made the confession when he is tried with others as when he is tried alone. 1 Greenl. Ev. §§ 215, 233; Rosc. Cr. Ev. 37, 52. Evidence of that kind being legally admissible in the case, it is for the consideration of the jury, and their finding under the charge against the principal is at least equivalent to the record of his prior conviction, and is in fact conclusive unless the verdict is set aside on a motion for new trial. When the principal and accessary are tried together, the court will instruct the jury to consider the case of the principal first, but the jury cannot find him guilty and not guilty in the same trial, as they might do if the theory of the defendants is correct. Contradictory findings of that character would be absurd, and the fact that they might occur under the theory suggested affords strong ground to conclude that the the-

ory itself is erroneous. Apply that rule, and cases might often arise where the jury would be constrained to find the principal defendant guilty as against himself, because he was proved to be guilty by competent testimony, and yet they would be obliged to find at the same time that the accessary was not guilty, because the evidence in the case did not warrant them in finding as against the accessary that the principal offence had been committed. Such an absurdity cannot be sanctioned, and consequently the theory of the defendants must be rejected.

The next inquiry is, whether any different rule prevails in a case where the principal and accessary are joined in the same indictment, but the principal pleads guilty and is allowed to retire from the bar before sentence is passed. Conviction may accrue in two ways, either by the party confessing his offence and pleading guilty, or by his being found guilty by the verdict of a jury. 4 Bl. Comm. 362. Omission to sentence the principal defendant cannot make any difference as to the effect of the plea, as it is well settled that the conviction of the principal is sufficient without any judgment to constitute prima facie evidence of his guilt in the trial of the accessary. 3 Greenl. Ev. § 46; Com. v. Williamson, 2 Va. Cas. 211; Horne Tooke's Case, 25 How. State Tr. 449. Attempt was made at the argument to set up a distinction between the plea of nolo contendere and the plea of guilty, but the suggestion is entitled to no weight as it is well settled that the legal effect of the former is the same as that of the latter, so far as regards all the proceedings on the indictment. Com. v. Horton, 9 Pick. 206; 1 Whart. Cr. Law (4th Ed.) § 533. No objection was made to the introduction of the minutes of the clerk, but as they were read subsequently to the objection made to the introduction of the testimony proving the confessions of the principal, it may be that the defendants regarded the testimony of the clerk as falling within the same objections. Conceding that to be so, then the exception before the court must be examined in two aspects: First, was the record of the conviction of the principal defendant admissible to prove that he had been convicted of the offence charged against him in the indictment; and, secondly, were his confessions admissible in evidence to prove that he was rightfully convicted? Where the principal is convicted prior to the finding of the indictment against the accessary the record of his conviction is admissible by all the authorities to prove that fact, and to that extent it is conclusive, and cannot be contradicted. Authorities to support that proposition are unnecessary, but it is not conclusive as against an accessary on trial that the principal defendant was guilty. The conviction appears to be evidence, says Mr. Roscoe, not only of the fact of the principal having been convicted, but also to be prima facie evidence that he was guilty of the offence of which he was so convicted, and the

supreme court of Massachusetts decided that where the principal and accessary are joined in one indictment but are tried separately, the record of the conviction of the principal is prima facie evidence of his guilt, and that the burden of proof rests on the accessary to prove clearly that he ought not to have been convicted. Rosc. Cr. Ev. 222; Com. v. Knapp, 10 Pick. 477.

The record of the conviction, says Foster, is evidence against the accessary sufficient to put him upon his defence, for it is founded on a legal presumption that everything in the former proceeding was rightly and properly transacted, but such a presumption must give way to facts manifestly and clearly proved. Fost. Crown Law, 365. Prior to the decision in the case of Rex v. Turner, 1 Moody, Crown Cas. 347, the rule as stated by the supreme court of this state was universally regarded as correct. 1 Whart. Cr. Law, § 149; 1 Starkie, Ev. 726; 1 Russ. Crimes (7th Am. Ed.) 42; 1 Chit. Cr. Law, 273; State v. Ricker, 29 Me. 87; Simmons v. State, 4 Ga. 472; Studstill v. State, 7 Ga. 11; State v. Sims, 2 Bailey (S. C.) 34; State v. Crank, Id. 74; Ulmer v. State, 14 Ind. 52; Rex v. Blick, 4 Car. & P. 377; State v. Rand, 33 N. H. 216; People v. Buckland, 13 Wend. 592; 2 Phil. Ev. (Ed. 1859) p. 49, note 273. Special reference is made to that note in the fourth American edition of Phillipps' Evidence as the most satisfactory explanation of the discordant decisions to be found in any treatise upon the subject. Several commentators, it must be admitted, have adopted the rule actually laid down in Turner's Case without any qualification, and some have even given their sanction to what some of "the judges present at the time appeared to think" as represented by the reporter, upon a point not involved in the case submitted to their decision. The charge against the prisoner in that case was that he had received sixty sovereigns stolen by another, knowing the same to have been stolen, and the prosecutor, in order to sustain that substantive charge, offered to prove that the person alleged to have stolen the money had confessed her guilt before a magistrate. She had never been convicted and was not included in the indictment against the prisoner, and the revisory court held that the evidence of the confession under those circumstances was not admissible in evidence, which is all that was involved or decided in that case. Whether the decision was right or wrong, it is quite clear that it does not touch the question presented in the case before the court for several good and sufficient reasons: (1) The indictment was against the receiver of stolen goods for the substantive offence as authorized by statute. (2) The principal had never been convicted, and was not joined in the indictment. (3) Neither the conviction of the principal nor her guilt being formally set forth in the indictment, it might well have been held that there was no proper foundation laid to admit such proof. Unless the de-

cision can be viewed in that light, the proper answer to be made to it is that it is not good law as understood in the federal courts. If viewed as deciding that the confessions of the principal in a case where the principal and accessary are indicted and tried together are not admissible to prove the guilt of the principal, it is clearly opposed to the general course of decisions in criminal cases for centuries, and it is difficult to see why any different rule should prevail where the principal is first convicted, provided they are both joined in the same indictment.

Many cases arise where criminal justice cannot be administered if the rule is as is supposed by the defendants. Take, for example, the case of an accessary in murder where the principal is not upon trial because he pleaded guilty in the presence of the court and jury. Conviction of the accessary cannot take place without first proving the guilt of the principal, and his guilt cannot be shown without proving that he committed the homicide with malice aforethought. Previous threats are the more usual evidence of malice in trials for murder, but if those are inadmissible, then the accessary must be acquitted, however flagrant his guilt. Precisely such a case occurred before Mr. Justice Erle, sitting at Lent assizes, in the Western circuit in 1846, and he held that the statements of the principal tending to show that he inflicted the mortal wound with malice aforethought were admissible, although the principal was not on trial. Objection was made by the defendant, but the court ruled that the evidence was admissible. Reg. v. Pym, 1 Cox, Cr. Cas. 340. Malice aforethought is the characteristic criterion by which murder is distinguished from manslaughter, and many cases of secret homicide arise where there is no proof of antecedent threats or of lying in wait, and in such cases resort is necessarily had to circumstances, and frequently to the subsequent conduct and declarations of the prisoner, to prove that material and characteristic allegation of the indictment. Such evidence is clearly admissible against the principal when he is on trial, and if it is not admissible in the trial of the accessary to confirm the prima facie presumption resulting from the record of the principal's conviction in a case like the present, then there can be no such confirmation, which cannot be admitted.

Recent acts of parliament provide to the effect that an accessary after the fact, indicted in the ordinary way with the principal felon, may be tried before the principal; and the same learned judge in the case of Reg. v. Hansill, 3 Cox, Cr. Cas. 598, also held, where an accessary after the fact to a charge of sending threatening letters was tried in the absence of the principal, that the letters so written and sent by the principal were admissible to prove the guilt of the principal. Suggestion may be made that the judge in both of those cases, when referred to the case of Rex v. Turner, admitted that the confessions of the principal would not be admissible, and the defendants are certainly entitled to the benefit of that concession. But we cannot concur in it, and are strongly inclined to think that it was only made in deference to a decision which it was not competent for a judge sitting at nisi prius to overrule. Confessions of the principal are certainly admissible to prove his own guilt when the accessary is tried with him, and, if so, it cannot be admitted that the principal can acquit the accessary in cases where there is no other sufficient evidence to prove his own guilt than his confessions by pleading guilty and retiring from the bar under his recognizance. Such a rule seems to be absurd, as it would necessarily lead to absurd results. Statements of the principal in the case of Reg. v. Pym were admitted to prove that he acted from malice, because the allegation of malice was not an element in the offence charged against the accessary, and because it was allowable to prove the guilt of the principal by any testimony which would be admissible if both were on trial together. Ratcliffe's Case, 1 Lewin, Crown Cas. 121. Malice, it is said, in such a case is only a preliminary fact to be proved as the foundation to let in the evidence to prove the guilt of the accessary. We agree to that proposition, and hold that all the allegations in the indictment setting forth the guilt of the principal or his conviction, as the case may be, are to be viewed in the same light. When the principal and accessary are joined in the same indictment, it is always necessary to allege the guilt of the principal, as the joinder of the principal presupposes that he has not been previously convicted; but the regular mode of indicting the accessary, if the principal has been separately indicted and convicted, is to set out the record of the principal's conviction, unless the accessary is indicted for a substantive offence in pursuance of some statutory regulation. Where the principal felon has been convicted, it is sufficient in the indictment to state the conviction without stating the sentence, and it is never necessary to enter into the details of the evidence to prove the guilt of the principal, as the record of the conviction proves itself and affords prima facie evidence of the guilt of the principal felon. Rosc. Cr. Ev. 870; Hyman's Case, 2 Leach, 925; 2 East, P. C. 782; Baldwin's Case, 3 Camp. 265; Fost. Crown Law. 365; 1 Chit. Cr. Law, 273. Perfect security will be afforded to the innocent if these rules are properly applied, as the presumption as to the guilt of the principal is not a conclusive one, but it is always competent for the accessary to show that the principal was improperly convicted. 1 Archb. Cr. Prac. (Ed. 1860) 83; Rex v. McDaniel, 19 How. State Tr. 806; 1 Gab. Cr. Law, 36; 4 Bl. Comm. 324.

Special attention is called by the defendants to several decisions of the state courts supposed to affirm the rule for which they

contend; but it will not be necessary to examine any one of them, except the case of Com. v. Elisha, 3 Gray, 460, as the others are founded upon the case of Rex v. Turner, which has already been examined. Concisely stated, that case shows that the defendant was indicted as the receiver of stolen goods, but that it was not alleged in the indictment that the principals had been convicted. Indicted in that form the defendant pleaded not guilty, and the prosecutor offered in evidence the record of the prior conviction of the principals on an indictment against them in which the defendant on trial was not joined, and the supreme court of this state held that the record was not admissible, because the conviction was res inter alios acta, and this court entertains no doubt that the decision was correct, because the indictment against the receiver was for the substantive offence under the statute of the state, and did not formally allege either the guilt of the principals or that they had been previously convicted Evidence of the confessions of the principal cannot be admitted to prove his guilt in an indictment against an accessary, except when the guilt of the principal or his antecedent conviction is alleged in the indictment. Doubts have been expressed whether the evidence is admissible except when the guilt of the principal is alleged, but there is no foundation for the doubt, as the record of the conviction is only prima facie evidence for the government and is always open to opposing evidence, to be offered by the accessary. Tested by these principles, it is clear that the decision was correct, and that it is perfectly consistent with the rule laid down in Com. v. Knapp, 10 Pick. 484, that the verdict against the principal in the trial of the accessary is to be taken as prima facie evidence of the principal's guilt.

Suppose, however, that the confessions of the principal were improperly admitted, still the motion for new trial ought not to be granted for the cause under consideration, because the record of the conviction of the principal was properly introduced and was prima facie evidence of his guilt in the trial of the other defendants, and, inasmuch as there was no opposing testimony on that point offered by the present defendants, it was sufficient evidence to warrant the finding of the jury. No opposing testimony on that point was offered during the trial. On the contrary, the guilt of the principal was admitted in the opening of the defence and throughout the trial, and the defence proceeded from the opening to the close upon the ground that the crime was committed by the principal and the other member of the firm named in the indictment, and that the transactions were kept secret from the two defendants before the court. Objection may be made by the defendants that the court did not so instruct the jury, but that is no answer to the proposition, as the motion for new trial is addressed to the discretion of the

court, and will never be granted when the court sees that the verdict is clearly and unmistakably right.

Injustice, it is suggested, may be done to the accessary by admitting the confessions of the principal, as the confessions may have been improperly obtained; but the answer to that suggestion is, that the plea of not guilty, pleaded by the accessary, always puts in issue the charge against the principal as well as that against himself, and, whether tried at the same time with the principal or subsequently, he may controvert the guilt of the principal as fully as the principal himself may do, even when the latter is separately indicted and tried by a separate jury. Where the principal has been convicted before the accessary is indicted, the indictment against the accessary alleges not the guilt but the antecedent conviction of the principal, so that it is quite clear that, if the record of the conviction is not admissible to prove that allegation, the accessary in all such cases must be acquitted. Such a rule cannot be admitted, and must be classed with the one before considered, which would allow the principal to be found guilty as against himself and not guilty as against the accessary when both are tried at the same time.

Certain other objections were taken, to the rulings of the court in admitting testimony, chiefly upon the ground that the evidence admitted was irrelevant and immaterial, but the exceptions are not of character to require any extended examination. Much of the testimony in the case was of a circumstantial character, and the rule is, that, whenever the necessity arises for a resort to such evidence, objections to testimony on the ground of irrelevancy are not favored, for the reason that the force and effect of circumstantial facts usually and almost necessarily depend upon their connection with each other. Castle v. Bullard, 23 How. [64 U. S.] 187. Aided by the arguments at the bar, we have re-examined the several rulings, and are satisfied that they were correct. Convinced that the verdict was warranted by the evidence, we do not think it necessary to enter into any argument to justify our conclusion, as we are not able to see any substantial ground for a different opinion.

Motion for new trial overruled.

Judge LOWELL fully concurs in the order overruling the motion for new trial, but, in respect to the first cause assigned in the motion, he rests his decision upon the ground that the record of the conviction of the principal, as exhibited in the minutes of the clerk, was admissible, and was prima facie evidence of the guilt of the principal, and, in the absence of any opposing testimony, warranted the finding of the jury.

[NOTE. Subsequently defendants Mellen and Ward filed a motion that "the indictment be continued, and that sentence and judgment thereon be suspended," to enable them to apply

for a pardon, basing the application upon the fact that they had been called before the grand jury, and there sworn and examined as witnesses in respect to the offence charged against them. The court held that their rights had been waived by failure to claim them at the proper time. Case No. 15,319.]