## FRANK PEELER *v*. THE STATE

1. INTERPRETATION OF THE CODE. — Article 321 of the Penal Code defines the offense of conveying into jail any article useful to aid the escape of a prisoner, with intent to facilitate the escape of a prisoner therein lawfully detained on an accusation of felony. *Held*, that this is not an accessorial, but a substantive, offense — the culpability of a party charged therewith being nowise dependent on, or affected by, the guilt or innocence of the succored prisoner.

2. ACCESSARIES. — Article 225 of the Penal Code defines accessaries, and the next article exempts as accessaries a husband or wife, brother or sister, and lineal relatives of an offender. *Held*, that these provisions afford no immunity to any such a connection or relative for conveying into a jail articles useful to aid the escape of a prisoner, with intent to aid the escape of a prisoner accused of felony.

3. ACCOMPLICE TESTIMONY. — On the trial of appellant for conveying into a jail certain tools to aid the escape of a prisoner, the state introduced as a witness another prisoner who also escaped. *Held*, that the witness, even if he used the tools in effecting the escape of himself and co-prisoners, was not an accomplice or *particeps criminis* in the offense of conveying the tools into the jail; and, therefore, his testimony, though uncorroborated was not subject to the statutory disparagement of accomplice testimony.

4. EVIDENCE. — To prove that a succored prisoner was detained in the jail on a charge of felony, the state introduced as evidence an indictment which charged him with theft. *Held*, that, as every theft is not a felony, this was not sufficient evidence to sustain a conviction, under article 321 of the Penal Code, for conveying tools into the jail to aid the escape of a prisoner detained in jail on a charge of felony.

5. EVIDENCE OF REPUTATION. — A prisoner confined in jail on a charge of theft, having been examined as a witness for the state, the defense proposed to prove by his fellow-prisoners that his reputation for truth and veracity among them was bad. *Held*, that such proof was properly excluded.

APPEAL from the District Court of Johnson. Tried below before the Hon. D. M. PRENDERGAST.

The state's witness, Freeman, had been in jail for a year and a half, on a charge of horse-stealing. The opinion sufficiently states the case.

*Poindexter & Bradshaw*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Ector, P. J.    The appellant was indicted for conveying a certain saw into the jail of Johnson County, with the intent to aid Mark Peeler to escape therefrom, who, it is alleged, was there confined under the charge of theft, the same being a felony.    The defendant was tried, found guilty, and his punishment assessed at two years' confinement in the penitentiary.    A motion for a new trial was overruled, and the case was appealed to this court.

The assignment of errors presents a number of grounds for which it is insisted that the judgment of the District Court should be reversed; only a portion of which do we propose to notice in this opinion.    And this we will do in the following order, viz. : First, the refusal of the court to charge the jury " that, if you believe from the evidence that the defendant, Frank J. Peeler, is an own brother to Mark Peeler, the party confined in jail, you will find him not guilty," which charge was asked by defendant; second, the failure of the court to charge the law applicable to the corroboration of the evidence of accomplices; and, third, the questions of the admissibility of the evidence referred to in defendant's bills of exceptions, together with the sufficiency of the evidence upon which the conviction is based.

The defendant was indicted under article 1946 of the Criminal Code, which reads as follows : " If any person shall convey into any jail any disguise, instrument, arms, or any other thing useful to aid any prisoner in escaping, with the intent to facilitate the escape of a prisoner lawfully detained in such jail on an accusation of felony, or shall, in any other manner calculated to effect the object, aid in the escape of a prisoner legally confined in jail, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years."

The evidence shows that Frank Peeler, the defendant, is a brother to the said Mark Peeler mentioned in the indictment. It is insisted on the part of defendant's counsel that the offense of which the defendant is charged is an accessorial offense, and that, therefore, the court erred in refusing the charge asked, viz., that it was no offense for the defendant to aid his brother to escape from jail. .

Article 1821 of the Criminal Code defines an accessary as follows: "An accessary is one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid, in order that he may evade an arrest, or trial, or the execution of his sentence." Article 1822 of the Code says: " The following persons cannot be accessaries: first, the husband or wife of an offender; second, his relations in the ascending or descending line, by consanguinity or affinity; third, his brothers or sisters."

The offense with which the defendant stands charged is a substantive felony, created by statute, and depends on itself, and is not dependent on another felony, which can only be established by the conviction of the one who committed it, if arrested. See *The State* v. *Richer*, 29 Me. 84. By the article of the statute under which this indictment was framed, the guilt of the defendant does not depend on the guilt of Mark Peeler, the party confined and charged to be under arrest for a felony. It depends upon the question whether the defendant did convey into the jail of Johnson County a certain iron or steel saw (an instrument useful to aid a prisoner therein confined in escaping therefrom), with intent to facilitate the escape of Mark Peeler, who was then lawfully detained in said jail on a charge of felony.

Where a prisoner is by authority of law committed to jail for the purpose of awaiting his trial on an accusation for a felony, and another person shall willfully aid in the escape of such prisoner by doing any act calculated to effect that object, the party so aiding is guilty of a distinct

felony, without regard to whether or not the prisoner in jail is guilty.

That section of the Code which exempts from punishment the near relatives of a criminal for acting as accessaries to him — that is, by concealing and giving him aid and comfort, in order that he may evade arrest or trial, or the execution of his sentence — certainly was never intended to exempt them from any separate substantive crime committed by them in carrying out their designs. We do not think the court erred in refusing the charge asked by the defendant.

Upon the second proposition, viz., Did the court err in failing to charge the law applicable to the testimony of accomplices? it cannot be said that Freeman, the witness upon whose testimony the state mainly relies to support the conviction, was a *particeps criminis* in any degree with the prisoner on trial. There is nothing in the record, under our view of the law of the case, which rendered it proper for the court to have instructed the jury that a conviction could not be had upon the unsupported testimony of an accomplice. Freeman certainly cannot come within the rule laid down in article 3118, Paschal's Digest. If he used the tools, knowing by whom and for what purpose they were brought there, he was not thereby guilty of any offense. He, being a prisoner on the inside of the jail, and having nothing to do with defendant, would not be a *particeps criminis* with defendant, if the defendant is guilty as charged.

Upon the third proposition — as to the admissibility of the evidence, as raised by bill of exceptions to the action of the court, and the sufficiency of the evidence upon which the prisoner was convicted — we believe the bills of exceptions by defendant to the action of the court in admitting certain evidence are not well taken. There is no conflict as to whether the saw was conveyed into the jail, or the object

for which it was carried there. There is a conflict as to whether the defendant or the Mexican, Antone, did it.

In our opinion the judgment must be reversed for a want of sufficiency and certainty in the evidence, in showing that Mark Peeler, at the time the saw was conveyed into the jail, was there on a charge of a felony. It does show that he was confined in jail on a charge of theft, but not a felonious theft. Every theft in this state is not a felony.

The defendant offered to prove by the witness Shackleford that Freeman's reputation for truth and veracity in the neighborhood where he lived was bad. Shackleford, on his preliminary examination, stated that he had known Freeman about one year and a half, in jail, and knew his reputation among the prisoners in jail. This he was not allowed by the court to tell, because it was immaterial what kind of reputation Freeman might have for truth and veracity in the county jail; that evidence of that reputation could not be introduced. In this we think the court was right.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*