WEST v. GAMMON et al.

(Circuit Court of Appeals, Sixth Circuit.  December 4, 1899.)

No. 771.

CRIMINAL LAW — CONSTITUTIONAL RIGHT TO TRIAL BY JURY — JUDGMENT ON
    PLEA OF GUILTY.
        The trial by jury, the right to which is secured to the accused in all
    criminal prosecutions by the sixth amendment to the constitution, is a
    trial according to the course of the common law, as it existed at the time
    such amendment was adopted, and by that law the court might proceed
    to judgment upon a plea of guilty, and a trial by jury was necessary only
    in cases where the accused, by plea of not guilty, had made an issue to be
    tried; hence a judgment of conviction rendered on a plea of guilty, volun-
    tarily entered, and which leaves no issue of fact for trial, is not in violation
    of the constitutional rights of the defendant.

Appeal from Circuit Court of the United States for the Middle
District of Tennessee.

Ellis Cocke, for appellant.
Abram M. Tillman, U. S. Atty.

Before TAFT, LURTON, and DAY, Circuit Judges.

DAY, Circuit Judge.   This is an appeal from the circuit court of
the United States for the Middle district of Tennessee, in which it
is sought to reverse the judgment of the circuit court in a proceed-
ing in habeas corpus in which the writ was sued out to obtain the
release of the appellant from confinement in the penitentiary in the
state of Tennessee, under a sentence passed upon him by the circuit
court of the United States upon his pleas of guilty of offenses arising
under sections 3279 and 3281 of the Revised Statutes of the United
States.   It is disclosed in the record that, having been arraigned
upon indictments duly found for violation of these sections, appel-
lant pleaded guilty, and was sentenced, in accordance with the stat-
ute, to pay a fine of $1,000 and costs, and be imprisoned for a period
of 16 months, in each case the sentences to run concurrently.   There
was no objection at the time on the part of appellant or his counsel
to these proceedings, and the appellant was committed accordingly.
Afterwards a petition for a writ of habeas corpus was filed with
the clerk of the court below, alleging that appellant was wrongfully
restrained of his liberty, because the sentence imposed was in viola-
tion of the rights guarantied to him by article 6 of the amendments
to the federal constitution.   A writ having been issued and hear-
ing had, the circuit court declined to grant the prayer of the petition,
and dismissed the same; to which action appellant excepted, and
the case is brought here for review.   The question made is, was it
proper for the court to sentence the appellant upon his plea of
guilty without the intervention of a jury?   The claim of the appel-
lant is that this action is in violation of the sixth amendment of the
constitution of the United States, which reads:

    "In all criminal prosecutions, the accused shall enjoy the right to a speedy
and public trial, by an impartial jury of the state and district wherein the
crime shall have been committed, which district shall have been previously

ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

It is manifestly the purpose of this amendment, among other things, to preserve to the accused in all criminal prosecutions the right to a speedy and public trial by an impartial jury in the state and district wherein the crime has been committed. It is claimed by the appellant that this language means, not only that the accused shall have the right, if he shall see fit to claim it, to a jury trial in prosecutions for crime, but requires that he be convicted and punished for a criminal offense in no other way, not even by confession of guilt by plea in open court. It is claimed that it is the purpose to secure to the accused, beyond the possibility of waiver, in prosecutions in the United States courts for crimes against the United States, immunity of punishment, unless conviction be had by a competent jury. It is well settled by repeated decisions in the state and federal courts that constitutional provisions aiming to preserve to the citizens of the United States the right of trial by jury have reference to that right as it existed at the time of the adoption of such constitutional guaranty. This amendment to the constitution must be construed with reference to the common-law right to a jury trial as the same existed at the time of its adoption as a part of the federal constitution. This is the conclusion of Judge Cooley in his work on Constitutional Limitations (5th Ed. 319):

"Accusations of criminal conduct are tried at the common law by jury; and wherever the right to this trial is guarantied by the constitution, without qualification or restriction, it must be understood as retained in all those cases which were triable by jury at the common law, and with all the common-law incidents to a jury trial, so far, at least, as they can be regarded as tending to the protection of the accused."

In the late case of Thompson v. Utah, 170 U. S. 343, 18 Sup. Ct. 620, 42 L. Ed. 1061, Mr. Justice Harlan, in considering the question of the right to jury trial, says:

"Assuming, then, that the provisions of the constitution relating to trials for crimes and to criminal prosecutions apply to the territories of the United States, the next inquiry is whether the jury referred to in the original constitution and in the sixth amendment is a jury constituted, as it was at common law, of twelve persons, neither more nor less. 2 Hale, P. C. 161; 1 Chit. Cr. Law, 505. This question must be answered in the affirmative. When Magna Charta declared that no freeman should be deprived of life, etc., 'but by the judgment of his peers or by law of the land,' it referred to a trial by twelve jurors. Those who emigrated to this country from England brought with them this great privilege 'as their birthright and inheritance, as a part of that admirable common law which had fenced around and interposed barriers on every side against the approaches of arbitrary power.' 2 Story, Const. § 1779. In Bac. Abr. tit. 'Juries,' it is said: 'The trial per pais, or by jury of one's country, is justly esteemed one of the principal excellencies of our constitution; for what greater security can any person have in life, liberty, or estate than to be sure of not being devested of, or injured in, any of these, without the sense and verdict of twelve honest and impartial men of his neighborhood? And hence we find the common law herein confirmed by Magna Charta.' So, in 1 Hale, P. C. 33: 'The law of England hath afforded the best method of trial that is possible, of this and all other matter of fact, namely, by a jury of twelve men, all concurring in the same judgment, by the testimony of witnesses viva voce, in the presence of the judge and jury, and by the

inspection and direction of the judge.' It must consequently be taken that the word 'jury' and the words 'trial by jury' were placed in the constitution of the United States with reference to the meaning affixed to them in the law as it was in this country and in England at the time of the adoption of that instrument."

The learned justice herein emphasizes the fact that the constitutional right of a citizen to a trial by jury has reference to that right as it was understood in this country and in England at the time of the adoption of the constitution. An examination of the earliest writers on criminal law will show that at the common law, as it stood at the time of the adoption of the amendment in question, the right to a trial by jury existed only in cases where the accused had made by his plea an issue properly triable by a jury. Should the accused see fit to plead guilty, and thus raise no issue, there was no necessity for a trial. The accused, by the plea of guilty, eliminated all issues of fact, and left nothing to be submitted to a jury. Had he denied his guilt, he would have had a right to have had that issue determined by a competent jury of 12 men. This was not the only method in which a conviction could be had. A conviction of crime may be had in two ways,—either by the verdict of a jury, or by the confession of the accused in open court, which is the highest conviction. Clark, Cr. Proc. p. 372, and note. The supreme court of New Hampshire had occasion to consider this question in a case arising in that state under a statute which permitted a person to plead guilty of murder, leaving the court to determine the degree of the crime. The constitution of that state guarantied to the accused a right to trial by jury, and it was claimed that in no other way could his guilt be ascertained. In a learned opinion by Judge Blodgett, the subject was very thoroughly canvassed. State v. Almy, 67 N. H. 274, 28 Atl. 372. The judge says:

"In criminal proceedings, a confession of the offense by the party charged, by a plea of guilty, is the highest kind of conviction of which the case admits (2 Hawk. P. C. c. 31, § 1; 2 Hale, P. C. 225; 4 Bl. Comm. 362), and subjects him to precisely the same punishment as if he were tried and found guilty by verdict (1 Archb. Cr. Prac. & Pl. 110). And the effect of a confession being to supply the want of evidence (Rex v. Hall, 1 Term R. 320), it is an admission of every material fact well pleaded in the indictment, and authorizes the court having jurisdiction of the offense to proceed to judgment. 4 Bl. Comm. 329; 1 Chit. Cr. Law, 429; 1 Bish. Cr. Proc. 795."

It will be observed that the principles of law, as stated by the early common-law writers upon this subject, made it perfectly competent for the accused to enter a plea of guilty, and for the court to proceed to enter a judgment upon that plea, in the same manner as it would have done had there been a trial and verdict of guilty by a jury. In discussing the meaning of "trial by jury," in article 16 of the bill of rights in the constitution of that state,—and, in our judgment, the phrase is used in the same sense in the sixth amendment of the constitution of the United States,—the judge further says:

" 'Trial by jury,' in article 16 of the bill of rights, is common-law language, used in its common-law sense. It means trial by twelve men, who return their unanimous verdict 'upon the issue submitted to them.' But while the right of every one to have his cause tried, or to be tried himself if accused of crime,

by a jury, is guarantied and established beyond the power of the legislature to abridge it, the constitution does not compel any one to exercise the right thus secured; and there is no reason whatever to suppose that its makers designed to repeal or alter the moss-grown rule of the common law, 'by which a party indicted for an offense, however grave in its nature, may enter a plea of guilty thereto, if he sees fit so to do,' or the other no less well-established rule that 'in such a case there is no issue to be submitted to a jury on which a verdict can be founded.' The trial by jury, secured to the subject of the constitution, is a trial according to the course of the common law, and the same, in substance, as that which was in use when the constitution was formed. East Kingston v. Towle, 48 N H. 57, 64."

In order to support the contention of the appellant, the court would be required to hold that this article of the constitution not only preserved to the accused the right to enjoy a trial by jury in cases where he had seen fit to make an issue by pleading not guilty, but required him in all cases to submit the question of his guilt to a jury, whether an issue had been made in the case or not. This would be going far beyond the rights guarantied to accused persons under the common law, and would require the court to disbelieve the accused when he sought to confess his guilt to the accusation made. The very fact of a jury trial being necessary in the case presupposes an issue to be submitted to the jury. That no such issue existed at common law, in the face of the plea of guilty, is apparent from the authorities cited. As was said by Mr. Justice Shiras in Hallinger v. Davis, 146 U. S. 318, 13 Sup. Ct. 105, 36 L. Ed. 986:

"If a recorded confession of every material averment of an indictment puts the confessor upon the country, the institution of jury trial and the legal effect and nature of a plea of guilty have been very imperfectly understood, not only by the authors of the constitution and their successors down to the present time, but also by all the generations of men who have lived under the common law."

In the present case it is not contended that the accused was not fully advised of his rights. It is admitted that he was possessed of his senses and understanding, knew the nature of the case and the accusation against him, had the advice of counsel, and voluntarily came into court and entered a plea of guilty. To accept such a plea, and to proceed to judgment, has been the constant practice of the courts from the earliest records of the common law of which we have any knowledge. It was the purpose of the constitution to preserve to the accused the right, not the necessity, of a trial by jury. At least, the necessity of such trial can be dispensed with where the accused, by his plea of guilty, leaves no issue to be submitted to a jury. Finding the accused to have been properly convicted and sentenced, the judgment of the circuit court is affirmed.