UNITED STATES v. CAPELLA.

(District Court, N. D. California. March 27, 1909.)

No. 4,645.

CRIMINAL LAW (§ 108*)—VIOLATION OF IMMIGRATION LAWS—VENUE.

The offense of bringing into and landing in the United States an alien not lawfully entitled to admission, made a misdemeanor by Act Feb. 20, 1907, c. 1134, § 8, 34 Stat. 900 (U. S. Comp. St. Supp. 1907, p. 394), can be prosecuted only in the district where such alien is landed, and the fact that a person who unlawfully brought in a child under 16 years of age, unaccompanied by one or both of her parents, afterward took such child into another district, does not confer jurisdiction on the court in such district.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 108.*]

On Demurrer to Indictment.

Robt. T. Devlin, for the United States.
McGowan & Norley, for defendant.

De HAVEN, District Judge. Section 2 of the act to regulate the immigration of aliens into the United States, approved February 20, 1907 (34 Stat. 898, c. 1134 [U. S. Comp. St. Supp. 1907, p. 391]), provides for the exclusion from admission into the United States of—

"all children under 16 years of age, unaccompanied by one or both of their parents, at the discretion of the Secretary of Commerce and Labor, or under such regulations as he may from time to time prescribe."

Section 8 of the same act provides:

"That any person who shall attempt, by himself or through another, to bring into or land in the United States by vessel or otherwise, any alien not duly admitted by an immigration inspector or not lawfully entitled to enter the United States shall be deemed guilty of a misdemeanor."

The indictment, in this case, charges that the defendant—

"on or about the 8th day of December, 1908, at the port of New York, did unlawfully bring into and land in the United States from the Republic of Switzerland, an alien child, to wit, Pasqualina Ranzoni, of the age of eleven years, then and there pretending and representing to the immigration inspectors at the port of New York that the said Pasqualina Ranzoni was his daughter, while in truth and in fact the said Pasqualina Ranzoni was not his daughter, and was not accompanied by both or either of her parents, and was not then and there entitled to enter the United States; and thereafter, in pursuance of such illegal importation and bringing into the United States, he brought and caused to be brought the said alien child, Pasqualina Ranzoni, into the state

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and Northern district of California, and within the jurisdiction of this honorable court."

The defendant has demurred to this indictment upon the general ground that it does not state facts sufficient to constitute a public offense, and upon the further ground that:

"The grand jury by which said indictment was found had no legal authority to inquire into the offense charged, by reason of the fact that, if the said offense sought to be charged was committed, it shows upon the face of the indictment that it was committed without the jurisdiction of this court."

The sixth amendment to the Constitution of the United States provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed."

The demurrer to the indictment, upon the ground of want of jurisdiction in the court to try the defendant, must be sustained, unless the case is brought within section 731 of the Revised Statutes (U. S. Comp. St. 1901, p. 585), which declares:

"When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined and punished in either district, in the same manner as if it had been actually and wholly committed therein."

The offense charged in the indictment was not one begun at the port of New York, and completed in this district, but it was entirely committed at the port of New York. It was there that the minor child, Pasqualina Ranzoni, was landed in the United States, in violation of the act of February 20, 1907, and the subsequent act of the defendant in bringing the said minor within the jurisdiction of this court is no part of the offense of illegally bringing her into or landing her in the United States.

The demurrer to the indictment is sustained, upon the ground that the court has no jurisdiction of the offense charged.