UNITED STATES v. LAIR.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1912.)

No. 3,497.

**1. CRIMINAL LAW (§ 878\*)—SUFFICIENCY OF INDICTMENT.**

A general conviction under an indictment embracing more than one count will be sustained as against a general plea to the indictment, if any count is good and sufficient to support the judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2098–2101; Dec. Dig. § 878.\*]

**2. COURTS (§ 96\*)—RULES OF DECISION.**

A federal District Court sitting in another state could not assume, as a matter of judicial knowledge, that the offense of importing an alien woman into the United States for immoral purposes could not have been committed by defendant at Chicago within the Northern District of Illinois, as against a judgment of the court of the latter district, finding that the offense had been so committed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 328; Dec. Dig. § 96.\*

Decisions of courts as authority in other co-ordinate courts, see note to F. B. Vandergrift & Co. v. United States, 97 C. C. A. 472.]

**3. CRIMINAL LAW (§ 275\*)—PLEA OF NOLO CONTENDERE.**

A plea of nolo contendere is in effect a plea of guilty to every essential element of the offense well pleaded and warrants the accused's conviction thereof without more, though the conviction could not be used against him in any other case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 635; Dec. Dig. § 275.\*]

**4. HABEAS CORPUS (§ 30\*)—SCOPE OF REMEDY.**

The writ of habeas corpus cannot be made to serve as a writ of error, and will only be granted to discharge one whose conviction is void.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. HABEAS CORPUS (§ 30*)—RIGHT TO RELIEF—REMEDY BY APPEAL.**

An erroneous determination by a federal District Court that an offense was committed within that district does not make a judgment of conviction void, so as to authorize another District Court to discharge the accused upon habeas corpus; accused's remedy being a writ of error from the conviction.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.*]

**6. INDICTMENT AND INFORMATION (§ 87*)—UNLAWFUL IMPORTATION—INDICTMENT—SUFFICIENCY.**

Time not being an element of the offense under Act Cong. March 3, 1903, c. 1012, § 3, 32 Stat. 1214, as amended by Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1909, p. 450) of importing an alien woman for immoral purposes, an indictment which does not state the date of the offense is sufficient as to an offense committed within three years before a finding of the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 244–255; Dec. Dig. § 87.*]

**7. ALIENS (§ 40*)—STATUTES.**

Act Cong. March 3, 1903, c. 1012, § 3, 32 Stat. 1214, as amended by Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1909, p. 450), makes it an offense to import an alien woman for immoral purposes. Act of 1907 contains a general repealing clause, but section 28 saves all acts or things done or committed when the act took effect. Rev. St. § 13 (U. S. Comp. St. 1901, p. 6), provides that a repeal of a statute shall not release any penalty or liability, in the absence of express provision therefor. *Held*, that all offenses committed under the act of 1903 were saved, and could be prosecuted under that act after the act of 1907 became effective.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 100; Dec. Dig. § 40.*]

Appeal from the District Court of the United States for the District of Kansas.

Habeas corpus proceeding by Henry Lair against the United States of America. From a judgment discharging petitioner, the government appeals. Reversed and remanded.

McCabe Moore, Asst. U. S. Atty. (H. J. Bone, U. S. Atty., on the brief), for the United States.

Marshall B. Woodworth, for appellee.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

REED, District Judge. The appellee, Henry Lair, who will be called the defendant, was on February 1, 1909, convicted in the United States District Court for the Northern District of Illinois, and sentenced to imprisonment in the United States penitentiary at Leavenworth, Kan., upon an indictment which charged him with having knowingly and unlawfully imported into the United States at Chicago within said district an alien woman, a citizen of the Republic of France, for the purpose of prostitution, and unlawfully detaining her in a certain house in said city for such purpose, and duly committed to the prison pursuant to such conviction and sentence. June 7, 1909, he petitioned the United States District Court for the District of Kansas for a writ of habeas corpus to be released from such im-

prisonment. The writ was issued, to which the warden of the penitentiary made due return, and upon the hearing thereof the defendant was discharged. 177 Fed. 789. The government prosecutes this appeal. The indictment upon which the defendant was convicted was returned December 15, 1908, and is in four counts. The first count, omitting the formal parts, is as follows:

"That one Henry Lair, otherwise called Henry Loir, * * * and one Mrs. Henry Lair, otherwise called Mrs. Henry Loir, * * * at Chicago, aforesaid, in the division and district aforesaid (Northern District of Illinois) unlawfully, willfully, and knowingly did import into the United States for the purpose of prostitution, and unlawfully did knowingly and willfully hold, to wit, from the first day of January, 1906, until and on the fifteenth day of July, 1907, in pursuance of such illegal importation, in their certain house of prostitution there situate, to wit [describing it] in the said city of Chicago, * * * a certain alien woman, to wit, Marie Peuroy, otherwise called Georgia Davis, * * * who was then a citizen of the Republic of France, within three years after she, the said Marie Peuroy, * * * had entered the United States, and that the said Marie Peuroy * * * came to and entered the United States, within three years prior thereto; against the peace and dignity of the said United States and contrary to the form of the statute of the same in such case made and provided."

The second and third counts charge the defendant with unlawfully holding said woman in the city of Chicago in the house described in the first count for the purpose of prostitution, in pursuance of an illegal importation.

The fourth charges the defendant with unlawfully keeping, harboring, and supporting said woman in said house for the purpose of prostitution.

To this indictment the defendant first pleaded not guilty; but later withdrew such plea, and entered a plea of nolo contendere, whereupon he was adjudged guilty as charged in the indictment, and sentenced to be imprisoned in the United States Penitentiary at Leavenworth, Kan., for and during a period of two years, and adjudged to pay a fine of $2,500 and costs.

The indictment is founded upon section 3 of Act March 3, 1903, c. 1012, 32 Stat. 1213, as amended by Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 898, 899 (U. S. Comp. St. Supp. 1909, p. 447). As so amended that section reads:

"Sec. 3. That the importation into the United States of any alien woman or girl for the purpose of prostitution, *or for any other immoral purpose,* is hereby forbidden; and whoever shall, *directly or indirectly,* import or attempt to import, into the United States, any alien woman or girl for the purpose of prostitution, *or for any other immoral purpose,* or whoever shall hold or attempt to hold any alien woman or girl for any such purpose in pursuance of such illegal importation, *or whoever shall keep, maintain, control, support, or harbor in any house or other place, for the purpose of prostitution, or for any other immoral purpose, any alien woman or girl, within three years after she shall have entered the United States,* shall *in every such case* be deemed guilty of a felony, and on conviction thereof be imprisoned not more than five years and pay a fine of not more than five thousand dollars. * * *"

The words in italics were added by the act of 1907.

Counts 2, 3, and 4 of the indictment are predicated upon that part of the section which forbids the holding, keeping, supporting, or har-

boring in any house or other place in the United States any alien woman or girl for the purpose of prostitution, not including the importation of such person for such purpose. That part of the section was adjudged to be invalid in Keller v. United States, 213 U. S. 138, 29 Sup. Ct. 470, 53 L. Ed. 737, 16 Ann. Cas. 1066, which was decided after the conviction of the defendant in this case, because beyond the power of Congress to enact it.

[1] The only question for determination therefore is: Did the court have jurisdiction of the offense charged in count one of the indictment? The defendant's plea was to the indictment generally, and the conviction was general. If any count of the indictment is good and is sufficient to support the judgment, the conviction must be sustained. Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966.

The defendant was discharged upon the ground that count 1 shows upon its face that the United States District Court for the Northern District of Illinois did not have jurisdiction of the subject-matter of the offense therein charged. This was upon the theory, as stated in the opinion of the District Court, that:

"It is not to be imputed to the learned judge pronouncing said judgment that he undertook to exercise jurisdiction over the offense of importing into the United States this woman, who the indictment alleges, came as an immigrant from the Republic of France, and consequently over the sea to some Atlantic seaport. That offense was consummated the moment such immigrant was landed within the United States. * * * The court will take judicial notice that a seagoing vessel carrying immigrants coming from the Republic of France to the United States did not find a port of entry within the Northern district of the state of Illinois. * * * It may be conceded for the sake of argument that the woman in question imported from France might first have entered the Dominion of Canada on the Atlantic seaboard and crossed the boundary into the United States. But how could she have reached Chicago without having theretofore entered United States territory outside of the Northern District of Illinois? If by overland, she would have traversed territory of another state. If by water, it might have been through the Mackinaw Straits, and thence on Lake Michigan to the city of Chicago. But in so coming, at Mackinaw she would have entered the United States, and been within the jurisdiction of the district of Michigan. In either contingency the offense of such importation would have been committed prior to reaching the Northern district of the state of Illinois." 177 Fed. 789–793–795.

The order of discharge reads as follows:

"It is found from the petition and return and the evidence of record before the court that the said Henry Lair is unlawfully restrained of his liberty by confinement in the United States penitentiary at Leavenworth, Kan., under judgment of sentence rendered by the District Court of the United States for the Northern District of Illinois, Eastern Division, which judgment the court declares to be void and of no effect, for the reasons that the court did not have jurisdiction over the subject-matter, and that that part of the statute on which the indictment was predicated is void, being in contravention of the Constitution of the United States. * * *"

[2] The court obviously did not intend to hold that section 3 of the act of 1903, so far as it denounced as a crime the bringing of the woman into the United States for the forbidden purpose, was void; but assumed to know judicially that the offense charged in count 1 of the indictment could not have been committed by the

defendant within the Northern District of Illinois. Did the court rightly assume to so know as a fact against the finding and judgment of the United States District Court for the Northern District of Illinois that the offense was committed within that district? We think not. Count 1 of the indictment does not allege that this woman "came as an immigrant from the Republic of France into the United States." The averment is that the woman "was then a citizen of the Republic of France"; that is, when she was imported into the United States at Chicago, as alleged in the indictment. Whether or not she "came over the sea" direct from the Republic of France into the United States at New York, or at some other place on the Atlantic coast and thence by rail, or in some other manner, to Chicago, we have no means of knowing. The indictment does not so allege, as did the indictment in United States v. Capella, 169 Fed. 890, cited by the court in its opinion; and the District Court in this proceeding was not at liberty to go back of the indictment. Harlan v. McGourin, 218 U. S. 442-445, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849. This woman might have been resident in the Dominion of Canada, and from there came by a Canadian boat, flying the Canadian flag, into and through the Straits of Mackinaw, thence into Lake Michigan and direct to Chicago. Or she may have come direct from France into the Dominion of Canada via the Gulf of St. Lawrence, thence by boat to Toronto, thence by rail to Georgian Bay, and thence by a Canadian boat through the Straits of Mackinaw into Lake Michigan and direct to Chicago without entering the United States or being unlawfully within their jurisdiction, until she landed at Chicago. True, while upon the lake, she would be upon the waters of the United States, and may have been so when in the Straits; but, if the woman did not leave the boat, she might be within the jurisdiction of Canada, and not within the United States for the purpose forbidden by this act of Congress. It was not impossible, therefore, for the woman to have been first brought into the United States for the unlawful purpose at Chicago. But the question is, not so much, Where did the woman first enter the United States? as it is, Where did the defendant commit the offense? It was not necessary that he should have accompanied the woman from some foreign country into the United States in order to have committed the offense. If he while in Chicago had arranged by correspondence with this woman in France or some other foreign country to come from such country to Chicago for the unlawful purpose, and had sent to her a through ticket from her home to Chicago, or the money to pay her passage, and she had come to Chicago pursuant to such arrangement, might not the offense have been committed in Chicago?

However this may be count 1 of the indictment omitting its formal parts and superfluous words charges:

"That the defendant at Chicago, within the Northern Judicial District of Illinois, unlawfully, willfully, and knowingly did import into the United States for the purpose of prostitution * * * a certain alien woman, naming her, who was then a citizen of the Republic of France * * *"

This charges every essential element of an offense under section 3 of the act of 1903.

[3] The District Court of the United States for the Northern District of Illinois had undoubted jurisdiction to determine, and it was charged with the duty of determining, whether or not this offense was committed within its jurisdiction. It did so determine and adjudged that it was committed within that district. In fact, the defendant admitted that he committed the offense charged within that district; for his plea of nolo contendere is in effect a plea of guilty to every essential element of the offense well pleaded in the charge against him, and warrants his conviction thereof without more (Hallinger v. Davis, 146 U. S. 318, 13 Sup. Ct. 105, 36 L. Ed. 986; West v. Gammon, 98 Fed. 426, 39 C. C. A. 271) though the conviction cannot. rightly be used against him in any other case. Such is the effect of the plea of nolo contendere. United States v. Hartwell, 26 Fed. Cas. 201, Fed. Cas. No. 15,318; Commonwealth v. Horton, 9 Pick. (Mass.) 206; Commonwealth v. Tilton, 8 Metc. (Mass.) 232; 1 Bishop's new Cr. Proc. §§ 802, 804.

[4, 5] But, should it be conceded that the District Court in Illinois erroneously determined that the offense was committed within that district, its judgment is not void. It is said in the brief of counsel for defendant that the question of the jurisdiction of the District Court in Illinois was raised for the first time in this proceeding; and that the writ of habeas corpus is the only way that the validity of the defendant's conviction can now be determined. But why was that question not raised in the District Court in Illinois, if the offense was not there committed? That court had as full and complete jurisdiction to determine that question, as did the court to which he applied; and, if it determined the question erroneously, its error could have been corrected in the usual way upon writ of error. But whether the question was raised in the District Court in Illinois· or not is wholly immaterial, for the writ of habeas corpus cannot be made to serve as a writ of error, and will only be granted to discharge one whose conviction is void. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; Horner v. United States, 143 U. S. 207, 12 Sup. Ct. 407, 36 L. Ed. 126; Toy Toy v. Hopkins, 212 U. S. 542, 29 Sup. Ct. 416, 53 L. Ed. 644; Harlan v. McGourin, 218 U. S. 442-445, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849.

[6, 7] The date of this offense is not alleged; and there are some averments in the indictment indicating that it was prior to the act of 1907, which took effect July 1st of that year. But that is not material, for time is not an element of the offense; and, if committed within three years prior to the finding of the indictment, would be sufficient. The act of 1907 contains a general repealing clause of prior· acts; but section 28 saves from the effect of such repeal all acts, or things done or committed at the time the act is to take effect. This would save all offenses committed under the act of 1903, and they might be prosecuted under that act after the act of 1907 became effective. Such offense would also be saved by section 13 of the Revised Statutes of·the United States (U. S. Comp. St. 1901, p. 6). United States v. Reisinger, 128 U. S. 398, 9 Sup. Ct. 99, 32 L. Ed.

480; Great Northern Railway Company v. United States, 208 U. S. 452–464, 465, 28 Sup. Ct. 313, 52 L. Ed. 567.

We are of opinion that the District Court erred in releasing the defendant. Its judgment is therefore reversed, and the cause remanded to that court, with directions to vacate its order discharging the defendant, and remand him to the custody of the warden of the penitentiary.

It is ordered accordingly