## GEMIGNANI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1925.)

No. 4372.

**1. Criminal law ⟨⟩275—Plea of nolo contendere, entered as to each count of indictment, in effect plea of guilty to both counts.**

Plea of nolo contendere, entered as to each count of indictment, was, for purposes of the case, in effect a plea of guilty to both counts.

**2. Criminal law ⟨⟩1144(17)—Single sentence on plea of nolo contendere to each count presumed on both counts.**

It not specifically appearing that a single sentence on plea of nolo contendere, entered as to each count of indictment, was imposed on one count only, presumption obtains that it was a sentence on both counts.

**3. Indictment and information ⟨⟩114—If matters alleged as a basis for charge of second offense cannot be such basis, allegations may be disregarded as surplusage.**

If a conviction and sentence on a plea of nolo contendere cannot be the basis for a charge of second offense, allegations of an indictment as to such a conviction and sentence as constituting such a basis are surplusage and may be disregarded.

**4. Criminal law ⟨⟩1167(1)—Sentence being such as could be imposed for first offense, defendant held not prejudiced by allegations in indictment as basis of charge for second offense.**

The sentence imposed on defendant being one authorized for a first offense, he was not prejudiced by insufficient allegations as a basis for charge of second offense, as on any future trial for a third offense defendant could present the question whether the second indictment on its face charged him with a first or second offense.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Pete Gemignani was convicted of unlawful sale of liquor, and brings error. Affirmed.

The plaintiff in error was charged by indictment with the unlawful sale of intoxicating liquor. The indictment, after charging defendant with such unlawful sale, recites: "That on July 10, 1924, at the May term of the United States District Court at Memphis, the defendant entered a plea of nolo contendere to the information filed against him, charging him with the sale of intoxicating liquor in violation of the National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.], and was thereupon sentenced to pay a fine of $250 and costs, being case No. 2122. Wherefore this indictment charges the defendant, Peter Gemignani, with the offense herein as the second offense under the National Prohibition Act."

The jury returned a verdict of guilty. Motions for a new trial and in arrest of judgment were overruled, and defendant was sentenced to serve 5 months and 29 days in Shelby county jail and pay the costs of the prosecution.

John Galella, of Memphis, Tenn., for plaintiff in error.

S. E. Murray, U. S. Atty., of Memphis, Tenn. (W. H. Fisher and A. A. Hornsby, Asst. U. S. Attys., both of Memphis, Tenn., on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] It is contended on behalf of the plaintiff in error that the court erred in overruling its motion at the close of the government's evidence to dismiss the indictment on the ground that the record in case No. 2122 does not show that the defendant was convicted or sentenced upon his plea of nolo contendere upon the second count of the information charging him with the unlawful sale of intoxicating liquor. This plea of nolo contendere was entered as to each count of that indictment, and for the purpose of that case was, in effect, a plea of guilty to both counts. Tucker v. U. S., 196 F. 260, 116 C. C. A. 62, 41 L. R. A. (N. S.) 70; U. S. v. Lair, 195 F. 47, 115 C. C. A. 49.

[2] The court might have sentenced the defendant on each count or it might impose one sentence upon both counts either upon a plea or verdict of guilty, and unless it specifically appears that the sentence was imposed upon one count only, the presumption obtains that it was a sentence upon both counts.

[3] The plaintiff in error relies for reversal particularly upon the claim that the indictment before us purports to charge a second offense, that a second offense is a distinct and separate crime from a first offense, and that even though the evidence offered by the government would be sufficient to convict the defendant of the unlawful sale of intoxicating liquors, as charged in this indictment,

yet, if the government failed to prove this offense was a second offense, then a verdict of not guilty should have been directed.

If the plaintiff in error is right in his contention that a conviction and sentence imposed upon a plea of nolo contendere cannot be made the basis of a charge for a second offense, then this indictment does not charge a second offense, for the reason that it states in detail all the facts upon which the government claims that this is a second offense. If as a matter of law these facts alleged in the indictment do not constitute a second offense, then they are mere surplusage, and may be wholly disregarded in determining the offense charged.

[4] But, apart from this consideration, plaintiff in error was in no wise prejudiced thereby. Upon verdict of guilty as charged in the indictment the court imposed a sentence which it was authorized to impose for a first offense. Section 269, Judicial Code (Comp. St. § 1246). It is claimed, however, that, notwithstanding the sentence imposed, the plaintiff in error is prejudiced by reason of the fact that this record would sustain his conviction for the unlawful sale of intoxicating liquor as a third offense in event such a charge should be later filed against him. This conclusion does not necessarily follow. We see nothing in this record, or this decision of this court, that will prevent him from presenting to the court, on a possible trial for a third offense, the question whether this indictment on its face charged him with the first or second offense, or from prosecuting error from an adverse decision.

The judgment is affirmed.