David S. JACOBANIS, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 5377.

United States Court of Appeals First Circuit.

Submitted June 5, 1958.

Decided June 13, 1958.

Rehearing Denied July 2, 1958.

David S. Jacobanis, pro se, on motion.

Anthony Julian, U. S. Atty., and William J. Koen and Charles F. Barrett, Asst. U. S. Attys., Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

There awaits our disposition a motion by David S. Jacobanis for the appointment of counsel. Though Jacobanis has not prosecuted this appeal in forma pauperis, because he is not a citizen of the United States, an affidavit attached to his motion affirms that he is "indigent" and wholly without legal knowledge necessary to conduct his appeal.

It seems that on October 27, 1952, the United States District Court for the District of Massachusetts, after verdict of guilty, entered judgment and commitment against Jacobanis for a term of twenty-five years' imprisonment on a charge of bank robbery and incidental crimes, in violation of 18 U.S.C. § 2113. Jacobanis took an appeal from this judgment of conviction, but this court on April 17, 1953, entered the following order: "Upon consideration of motion of appellee to docket and dismiss, and of memorandum of appellant in opposition thereto, It is ordered that this case be docketed, and It is further ordered that the appeal herein be, and the same hereby is, dismissed for want of diligent prosecution."

Under date of March 23, 1958, Jacobanis, writing from Alcatraz, California, addressed a lengthy and rather confusing letter or document to Chief Judge Sweeney. This letter, proceeding upon the erroneous assumption that the district court had granted a new trial to Jacobanis' co-defendant Theodore Green, asked the court of its own motion to "grant me the same relief granted Green, whatever that may have been." Following various allegations of misconduct by the prosecuting officials, Jacobanis concluded with a prayer that the court "grant me a new trial", which of course the court had long since lost power to grant. Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C. Other allegations seem directed toward a revival of the old appeal from the judgment of conviction, which the court of appeals had dismissed in 1953. This part of the letter was of no concern to the district court. Certain other allegations in the document or letter might by a bit of liberal interpretation be construed to be a pleading for relief under 28 U.S.C. § 2255.

Judge Wyzanski, to whom Judge Sweeney had transmitted the foregoing letter, entered an order on April 17, 1958, in the following terms: "Whether the document dated March 23, 1958 addressed to Chief Judge Sweeney be construed as a motion to vacate sentence imposed on October 27, 1952 or as a motion for some other type of relief, the said motion, in accordance with the memorandum filed this day, is Ordered denied."

There followed some correspondence between Jacobanis and Judge Wyzanski with reference to the judge's memorandum of April 17, 1958.

Finally, on May 19, 1958, Jacobanis filed in the district court a so-called Notice of Appeal which, for failure to comply with the requirements of Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C., was obviously inadequate to confer upon this court any appellate jurisdiction. This notice, in designating the order appealed from, states merely "Correspondence Seeking Relief".

We shall therefore on our own motion enter an order dismissing the appeal for lack of jurisdiction. It necessarily follows that the motion for appointment of counsel to prosecute the appeal is also denied.