**H. A. LOTT, Lee Blocker and Lorn D. Frazier, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 17888.

United States Court of Appeals Fifth Circuit.

June 20, 1960.

*Cameron, Circuit Judge, dissented.*

Denman Moody, W. V. Ballew, Jr., Walter E. Workman, Houston, Tex., Baker, Botts, Andrews & Shepherd, Houston, Tex., of counsel, for appellant Lott.

John H. Crooker, C. W. Wellen, Joe Moss, William M. Ryan, Houston, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel, for appellants Blocker and Frazier.

William B. Butler, U. S. Atty., Myron M. Sheinfeld, Fred L. Hartman, Asst. U. S. Attys., Houston, Tex., for appellee.

Before CAMERON and JONES, Circuit Judges, and WRIGHT, District Judge.

JONES, Circuit Judge.

The three appellants and two others were charged, in the first count of a five-count indictment, with attempting to evade and defeat income taxes of a named corporation for the year 1951. Three other counts charged the same offense for each of the years 1952, 1953 and 1954. A fifth count of the indictment charged a conspiracy to evade and defeat the corporation's income tax for the years 1951 to 1954, inclusive. The appellants, two of them on March 17, 1959, and the third on March 20, 1959, by leave of court, withdrew pleas of not guilty and tendered pleas of nolo contendere. These pleas were accepted by the court. Sentencing was deferred. During the period of deferment the judge, who had permitted the filing of and had accepted the nolo contendere pleas, presided over the trial of the two others who had been jointly indicted with the appellants. At this trial one of those tried was acquitted and the jury was unable to agree upon a verdict as to the other. Thereafter, on June 19, 1959, the court, with the same judge presiding, called the appellants before him for sentencing. The appellant Blocker was sentenced to three years imprisonment. The appellants Frazier and Lott were each sentenced to two years imprisonment. A fine of $20,000 was imposed upon each appellant. The sentences were pronounced from the bench on June 19, 1959, and the formal written judgments were filed on June 22, 1959. On the following day, June 23, 1959, motions in arrest of judgment were filed by each appellant. These motions were denied on July 13, 1959. The appellant Lott filed notice of appeal on July 15, 1959, and the appellants Blocker and Frazier filed notice of appeal on July 17, 1959.

Although stated in different language, the claims of error made by the appellant Lott and those of the appellants Blocker and Frazier are substantially the same. It is contended that the indictments are insufficient; that the court was without jurisdiction to impose sentences on the pleas of nolo contendere after hearing the evidence adduced at the trial of the others who were jointly indicted; and that the sentences were beyond the jurisdiction of the court. These questions going to the merits are not reached.

■ The United States has moved to dismiss the appeals on the ground that the notices of appeal were not filed within ten days after the entry of the judgments appealed from as required by Rule 37(a) (2), Fed.Rules Crim.Proc. 18 U.S.C.A.; and that the motions in arrest of judgment did not enlarge the time for giving notice of appeal because, although filed within ten days of the entry of the judgment, the motions were not filed within five days after the determination of guilt as required by Rule 34, Fed.Rules Crim.Proc. 18 U.S.C.A. The appellants suggest that because the Government has designated portions of the record to be brought up on appeal and has filed a brief on the merits its motion to dismiss ought not be entertained. But lack of jurisdiction can be raised at any time and the court is under a duty to notice absence of jurisdiction even though it is not raised by a party. Rule 12(b) (2), Fed.Rules Crim.Proc. 18 U.S.C.A.

The appellants are insistent that under Rule 37(a) (2) [1] an appeal may be taken within ten days after the entry of an order denying a motion in arrest of judgment if such motion was filed within ten days after judgment even though the

[1]. An appeal by a defendant may be taken within ten days after entry of the judgment or order appealed from, but if a motion for new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. Rule 37(a) (2), Fed.Rules Crim.Proc. 18 U.S.C.A.

motion in arrest of judgment was filed out of time and the notice of appeal was not filed until more than ten days had elapsed after judgment. This, the appellants say, is the clear, explicit and unambiguous meaning of Rule 37(a) (2) notwithstanding the provision of Rule 34[2] requiring the filing of a motion in arrest of judgment within five days after determination of guilt. Support for the appellants' position is found in Lujan v. United States, 10 Cir., 1953, 204 F.2d 171, where the proposition for which appellants contend is adopted and applied. In the Lujan case the motion was for a new trial under Rule 33, Fed.Rules Crim.Proc. 18 U.S.C.A. rather than a motion for arrest of judgment such as is before us. We do not think this difference would call for a distinction.

The doctrine of Lujan was expressly rejected in United States v. Bertone, 3 Cir., 1957, 249 F.2d 156. There the defendant was convicted on March 28, 1957, sentenced in open court on April 12, 1957, and a judgment of sentence and commitment was entered on April 18, 1957. On April 22, 1957, the defendant filed motions for a new trial and in arrest of judgment. On August 9, 1957, an order was entered denying the motions. On August 19, 1957, the defendant gave notice of appeal from the judgment and sentence of April 18, 1957, and from the August 19, 1957, order. The motions were filed within ten days after the entry of the judgment as is the case here. The appeal was taken within ten days after the entry of the order denying the motions as is the case here. The motions were not timely filed as was the case in Lujan, and as is the case here unless, of course, the entry of the pleas of nolo contendere did not result in determinations of guilt within the meaning of Rule 34. In the Bertone case it was held that the appeal was not taken in time. The same conclusion, upon a similar factual situation, was reached in Marion v. United States, 9 Cir., 1948, 171 F.2d 185, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L. Ed. 1747.

We are in agreement with the Third Circuit that the rule announced in the Lujan case is unsound and ought not to be followed. To hold, as Lujan holds, that the untimely filing of a motion for a new trial or in arrest of judgment will toll the running of the time in which an appeal may be taken, although the motion could not be considered on its merits, produces a result which we think was not intended. It does not seem that the Supreme Court, in framing the rules, had the design of permitting a convicted defendant to file out of time a motion which the court could not have given him leave to file after the time for filing had expired,[3] and so obtain an extension of the time for taking an appeal even though the court itself was powerless to grant such an extension.

This Court has, heretofore considered the question and has adopted the rule announced in Bertone, citing that opinion with approval. This Court has succinctly stated the principle in this language:

> "To extend the time for taking an appeal, a motion for new trial must be both (a) timely made under Rule 33 and (b) made within ten days after entry of the judgment of conviction under Rule 37(a) (2)."

2. The court shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 5 days after determination of guilt or within such further time as the court may fix during the 5-day period. Rule 34, Fed.Rules Crim.Proc. 18 U.S.C.A.

3. "When an act is required or allowed to be done at or within a specified time, the court for cause shown may * * * order the period enlarged * * * or * * * permit the act to be done after the expiration of the specified period * * * but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal." Rule 45(b), Fed.Rules Crim.Proc. 18 U.S.C.A.

O'Neal v. United States, 5 Cir., 1959, 264 F.2d 809, 812. Cf. Massicot v. United States, 5 Cir., 1958, 254 F.2d 58.

If the pleas of nolo contendere and the acceptance of them were determinations of guilt it follows that the motions in arrest of judgment were filed too late, the time for appeal was not tolled, and the appeals were not taken in time. If, on the other hand there was no determination of guilt, as that phrase is used in Rule 34, until the judgment and sentence, then the motions were timely made and the appeals were timely taken.

After a jury trial a determination of guilt has been made when a verdict of guilty has been returned by the jury and accepted by the court. Drown v. United States, 9 Cir., 1952, 198 F.2d 999; Finn v. United States, 4 Cir., 1958, 256 F.2d 304. A determination of guilt has been made when a plea of guilty has been entered. Marteney v. United States, 10 Cir., 1954, 216 F.2d 760. The appellants urge that a plea of nolo contendere is a plea in avoidance without a confession and that it does not result in a determination of guilt. It is, so appellants say, only an implied confession of guilt, a mere statement of unwillingness to contest, and no more. The federal courts, however, have long held that the legal effect of a plea of nolo contendere is the same as a plea of guilty for all purposes so far as regards proceedings on the indictment. United States v. Hartwell, Cir.Ct.Mass.1869, 3 Cliff. 221, 26 Fed.Cas. p. 196. A leading case is United States v. Lair, 8 Cir., 1912, 195 F. 47, where it is said:

"In fact, the defendant admitted that he committed the offense charged within that district; for his plea of nolo contendere is in effect a plea of guilty to every essential element of the offense well pleaded in the charge against him, and warrants his conviction thereof without more." 195 F. 47, 52.

On the question of guilt or innocence, the Supreme Court has held that the plea of nolo contendere is as conclusive as a plea of guilty would have been, and after such a plea nothing is left but to render judgment. United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076. See also Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; United States v. Frankfort Distillers, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 951. The well settled principle that, for the purposes of the case, the plea of nolo contendere is the equivalent of a plea of guilty has been recognized and applied by this Court. Fransworth v. Zerbst, 5 Cir., 1938, 97 F.2d 255. Cf. Piassick v. United States, 5 Cir., 1958, 253 F.2d 658; Mickler v. Fahs, 5 Cir., 1957, 243 F.2d 515. The state courts, generally, are in accord. Annotation 152 A.L.R. 253; 4 Wharton Criminal Law and Procedure 772, § 1903; Lenvin and Myers, Nolo Contendere: Its Nature and Implications, 51 Yale Law J. 1255. The rule being as it is, it follows that the determination of guilt of the appellants was made when their pleas of nolo contendere were tendered to and accepted by the court.

However may be the law as to when, in the usual case, there is a determination of guilt for the measuring of the time for filing a Rule 34 motion, the appellants say that there was not, in fact, any determination of guilt at the time of the pleas. That determination, say the appellants, was not made until after the trial of the other defendants and the determination of guilt was made by the court, and was based upon the evidence heard by the court at the trial rather than upon the pleas of nolo contendere. Upon this theory the time within which the motions in arrest of judgment could be filed would begin at the time the sentences were imposed. In considering the contention of the appellants that they were sentenced upon a determination of guilt based upon the evidence at the trial of the other defendants rather than upon their pleas of nolo contendere, a look at the record becomes desirable. What happened is this; during the proceedings for sentenc-

ing the court heard statements of counsel for the appellants seeking mitigation of punishment. In these statements references were frequent to matters which transpired at the trial of the other defendants. It was brought out that counsel for the appellants had a representative at the trial, taking notes, and reporting to counsel so that they knew, in the words of one of the attorneys "exactly what was testified, in substance." Two of the three appellants made statements on behalf of themselves. Character witnesses numbering five, seven, and five, for the respective appellants, testified. At the conclusion of the hearing the court stated, "I have found each guilty of the felonies as contained in the grand jury indictment." Then followed an oral pronouncement by the court of the sentences. This hearing was on June 19, 1959. On June 22, 1959, the court entered, as to each appellant, a formal judgment and commitment. From them we quote:

"It is adjudged that the defendant has been convicted upon his plea of nolo contendere of the offense of * * * and the Court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"It is adjudged that the defendant is guilty as charged and convicted."

We need not consider whether the judgment was the oral pronouncement of sentence or the formal writing. Cf. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393; United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290; Patterson v. United States, 5 Cir., 1950, 183 F.2d 687; Spriggs v. United States, 9 Cir., 1955, 225 F.2d 865. In neither the oral sentence nor the formal judgment does it appear that the determination of guilt is based upon the trial of the other defendants. Any such conclusion is negatived by recital in the formal judgment that "the defendant has been convicted upon his plea of nolo contendere." We

see no merit in this contention of the appellants.

We can find no principle that would sustain the appellants in their contention that they have given and filed a notice of appeal from the judgments of conviction and sentence within the time prescribed by the applicable rule.

The appellants ask that we treat the notices of appeal as being from the order denying the motions in arrest of judgment in the event we hold that there were no timely notices given of appeals from the judgments of convictions and sentence. An order overruling a motion in arrest of judgment is, it seems, an appealable order. Sutton v. United States, 5 Cir., 1946, 157 F.2d 661. The difficulty with the appellants' proposal is that, since the motion was not timely filed, the district court had no jurisdiction of the motion and all that this Court could do would be to direct that the order denying the motion be affirmed for want of jurisdiction. Such an ineffectual result need not be further considered.

It is contended by the appellants that if their appeal from the judgment was not taken in time, we should treat the motion in arrest of judgment as a motion to vacate the sentence under 28 U.S. C.A. § 2255, and then treat the notice of appeal as being directed to the court's order as denying Section 2255 relief. The Tenth Circuit, in a case where a motion in arrest of judgment was filed too late, treated the motion as one to vacate. In its opinion it was said:

"The 'motions in arrest of judgment,' having been filed more than five days after determination of guilt, were untimely under Rule 34 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and the government takes the preliminary position that the trial court was without authority to treat the pleadings as motions to vacate under Section 2255 for the purpose of considering the legal questions raised by the motions. Section 2255 specifically authorizes 'A prisoner in custody un-

der sentence of a court * * * claiming * * * that the court was without jurisdiction to impose such sentence * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence * * * at any time.' Treated as motions to vacate, the pleadings were undoubtedly timely to challenge the legal sufficiency of the counts in the indictment to state a federal offense. Having in mind that it is the content of the pleadings and not the label which determines their nature and effect, we can see no impropriety in the court's treatment of the pleadings as motions to vacate under Section 2255." 216 F.2d 760, 762.

The Fourth Circuit adopted the doctrine in Finn v. United States, 4 Cir., 1958, 256 F.2d 304, and used it as a means for reaching the merits of the question presented by the motion and the ruling upon it.

■■■ The appellants are not presently in confinement and recognize that 2255 relief is not available to anyone who is not in custody under sentence of a court. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. They would have us surmount this barrier by following the pronouncement of the Ninth Circuit in Black v. United States, 9 Cir., 1959, 269 F.2d 38, certiorari denied 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357. Black had attempted to take an appeal and, under Rule 38(a) (2), had elected not to begin serving his sentence. The appeal was filed out of time. He later filed a Section 2255 motion and attempted, though not in custody, to appeal from an order denying relief. It was held that since the 2255 motion cannot be maintained while there is a pending appeal in good standing, the appeal was deemed abandoned by the filing of the 2255 motion. Since Black would be entitled to freedom from custody only if he had an appeal pending from his conviction and sentence, he was regarded as being in technical custody after the filing of his 2255 motion for the purpose of conferring 2255 jurisdiction. In this case, the appellants assert, they should be regarded as being in technical custody for the purpose of allowing jurisdiction over their Rule 34 motions which they would have us treat as being made under Section 2255. It might be observed that, when the Rule 34 motions were filed, the time for appeal had not run and the appellants could not claim that they were then in technical, any more than actual, custody.

We have mapped but a part of the tortuous road over which the appellants would lead us in seeking to sustain our jurisdiction to review this case. In going with them as far as the foregoing outline would take us, it would be necessary to hold that the Rule 34 motions were not Rule 34 motions at all but, in effect, Section 2255 motions; and that the appellants, although not in custody in any real sense,[4] are in technical custody so as to permit the court to entertain the mislabeled 2255 motion. But could we travel with appellants thus far we would then become confronted with the question as to whether we may treat the notices of appeal as being from the order denying the Rule 34 motions treated as Section 2255 motions. The notices of appeal purport to be only from the judgments and sentences. We do not have in the notices of appeal an inclusion of the orders on the motions as was the case in Marteney v. United States, supra. Although it is provided that a court shall not be required to entertain a second or successive motion under Section 2255, it may, in its discretion, do so. Wells v. United States, 5 Cir., 1954, 210 F.2d 112.

---

**4.** The notices of appeal state that the appellants are at liberty on bail.

To remove any question as to whether a 2255 motion might be filed and to avoid circuity of actions in resolving the questions, it might be well to review, to the extent permissible, the questions which the appellants assign as error. In the case of Heflin v. United States, supra, the Supreme Court treated a motion under Section 2255 as a motion under Rule 35, Fed.Rules Crim.Proc. 18 U.S.C.A., and held that although there was no timely application for certiorari to review an order on a Rule 35 motion, the Supreme Court would, in order to avoid a circuity of actions, dispense with the requirements of its Rule 22(2), 28 U.S. C.A. But we are not authorized to dispense with the rules that govern our jurisdiction. On the contrary, we are expressly prohibited from extending the time for taking appeals. Rule 45(b) Fed.Rules Crim.Proc. 18 U.S.C.A. So also the Rules require that the notice of appeal shall set forth, among other things, "a concise statement of the judgment or order, giving its date and any sentence imposed." Rule 37(a) (1), Fed. Rules Crim.Proc. 18 U.S.C.A. We cannot treat an express reference in the notice of appeal to a judgment and sentence of a specified date as evidencing an appeal from an order upon a motion subsequently filed, no matter how the motion may be treated. Cf. Martin v. United States, 10 Cir., 1959, 263 F.2d 516; Jacobanis v. United States, 1 Cir., 1958, 256 F.2d 485.

We reach, finally, the conclusion that the jurisdiction of this Court has not been invoked by timely notices of appeal. So concluding we dismiss the appeals without consideration of the other questions which the appellants have asked us to decide. It would not be appropriate to suggest whether, and if so how, those questions may be hereafter raised.

The appeals are

Dismissed.

CAMERON, Circuit Judge, dissenting.